================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 112
JF Capital Advisors, LLC,
                Appellant,
            v.
The Lightstone Group, LLC, et
al.,
                Respondents.

Jason A. Stern, for appellant.
Elizabeth S. Saylor, for respondents.

FAHEY, J.:

        The primary issue on this appeal is whether the statute

of frauds, as embodied in General Obligations Law § 5-701 (a)

(10), bars the causes of action set forth in the amended

complaint.  In that pleading, plaintiff claims to have rendered

to defendants financial advisory services for what plaintiff

- 1 -

characterizes as nine groups of investment opportunities,[1] and plaintiff seeks recovery for those services rendered based on theories of quantum meruit and unjust enrichment.  We conclude that the statute of frauds does not bar the causes of action with respect to five of the nine project groups, to wit, with respect to what the amended complaint characterizes as the "Innkeepers Project," the "Fitchburg and Omaha Projects," the "Towneplace Suites Metairie Project," the "Hotel Victor Project," and the "Crowne Plaza Somerset Project."  We therefore modify the Appellate Division's order by denying those parts of defendants' motion seeking to dismiss the amended complaint with respect to those project groups.

I.

_____

[1]     The amended complaint denominates those project groups as follows:

| Project Group | Project Name |
| --- | --- |
| 1 | the Waterpark Portfolio Project |
| 2 | the Innkeepers Project |
| 3 | the Fitchburg and Omaha Projects |
| 4 | the Towneplace Suites Metairie Project |
| 5 | the Hotel Victor Project |
| 6 | the CBRE 7 Loan Portfolio Project |
| 7 | the Allegria Hotel Loan Purchase |
| 8 | the Crowne Plaza Somerset Project |
| 9 | the Miscellaneous Projects |

Inasmuch as this appeal had its genesis in a motion to dismiss pursuant to CPLR 3211 (a) (7), we are bound to, inter alia, "accept the facts as alleged in the [amended] complaint as true" (Leon v Martinez, 84 NY2d 83, 87 [1994]).  Plaintiff alleges that it and its principals are hospitality industry consultants engaged in the business of providing investment and advisory services.  In November 2010, defendants solicited plaintiff's assistance in analyzing an investment opportunity involving certain hotel/waterpark properties.  The parties entered into a written agreement whereby plaintiff provided financial and analytical services to defendants regarding that project, and defendants paid plaintiff for its work with respect to that opportunity.

Defendants did not purchase the hotel/waterpark properties, and those holdings eventually became the subject of an online auction.  Based on the seller's willingness to dispose of the hotel/waterpark properties separately, defendants again sought plaintiff's services with the goal of acquiring only 2 of the 10 holdings that comprised the hotel/waterpark properties.  Plaintiff provided continuing "advisory services" to defendants consisting of financial and market analyses with respect to the hotel/waterpark endeavor, as well as to other projects, and defendants accepted those services.

According to plaintiff, however, defendants did not compensate plaintiff for such work.  Consequently, plaintiff

commenced this action through the filing of a complaint in which it asserted six causes of action, including claims for quantum meruit and unjust enrichment.  Defendants moved to dismiss the complaint, and Supreme Court granted the motion but afforded plaintiff "leave to serve and file an amended complaint alleging causes of action for quantum meruit and unjust enrichment."

Plaintiff availed itself of that leave, and the amended complaint lies at the core of this appeal.  There, as noted, plaintiff asserts causes of action for quantum meruit and unjust enrichment, through which it seeks compensation for approximately $480,000 in services it rendered to defendants in connection with the nine project groups.  Plaintiff generally alleges that its work with respect to each of the project groups consisted of the review, analysis, and modeling of the finances and operations of the assets in which defendants had the opportunity to invest.  However, with respect to the "Waterpark Portfolio Project," the "CBRE 7 Loan Portfolio Project," and the "Allegria Hotel Loan Purchase," i.e., what are respectively denominated as project groups ##1, 6, and 7, plaintiff alleges that it performed work that was used to assist in defendants' negotiation of a business opportunity and that was conducted in anticipation of a possible purchase bid.

In lieu of answering, defendants moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (7), contending that the claims for compensation for the "advisory services" plaintiff

allegedly performed are subject to the statute of frauds (see General Obligations Law § 5-701 [a] [10]).  Supreme Court granted the motion in part by dismissing the amended complaint to the extent it seeks recovery for work performed with respect to the "Waterpark Portfolio Project," the "CBRE 7 Loan Portfolio Project," the "Allegria Hotel Loan Purchase," and the "Miscellaneous Projects," i.e., what are denominated as project groups ##1, 6, 7, and 9.  The court denied the remaining parts of the motion.

On appeal, the Appellate Division modified by granting the motion in its entirety and dismissing the amended complaint based upon its conclusion that "investment analyses and financial advice regarding the possible acquisition of investment opportunities clearly fall within General Obligations Law § 5-701 (a) (10)" (115 AD3d 591, 592-593 [1st Dept 2014] [internal quotation marks omitted]).  The Appellate Division subsequently granted plaintiff leave to appeal and certified the question whether the order of Supreme Court, as modified, was properly made.

## II.

Having marshaled the relevant facts, our review turns to the pertinent principles of law.  In addition to accepting the facts as alleged as true (see Leon, 84 NY2d at 87), we "must give the pleading a liberal construction[] . . . and afford . . . plaintiff the benefit of every possible favorable inference"

(<u>Landon v Kroll Lab. Specialists, Inc.</u>, 22 NY3d 1, 5 [2013],
<u>rearg</u> <u>denied</u> 22 NY3d 1084 [2014] [internal quotation marks
omitted]).  In other words, "[w]here the allegations are
ambiguous, we resolve the ambiguities in plaintiff's favor"
(<u>Snyder v Bronfman</u>, 13 NY3d 504, 506 [2009]) and, dissimilar to a
motion for summary judgment, where we review the record to
determine whether a cause of action or a defense has been
established as a matter of law, here we " 'limit our inquiry to
the legal sufficiency of plaintiff's claim[s]' " (<u>Davis v
Boeheim</u>, 24 NY3d 262, 268 [2014], quoting <u>Silsdorf v Levine</u>, 59
NY2d 8, 12 [1983]; <u>see</u> <u>Leon</u>, 84 NY2d at 87-88).

          The statute of frauds is codified in General
Obligations Law § 5-701.  As a general matter, it "is designed to
protect the parties and preserve the integrity of contractual
agreements" (<u>William J. Jenack Estate Appraisers & Auctioneers,
Inc. v Rabizadeh</u>, 22 NY3d 470, 476 [2013]).  More precisely, the
statute

> "is meant 'to guard against the peril of
> perjury; to prevent the enforcement of
> unfounded fraudulent claims' (<u>Morris Cohon &
> Co. v Russell</u>, 23 NY2d 569, 574 [1969]). The
> statute 'decrease[s] uncertainties,
> litigation, and opportunities for fraud and
> perjury,'and primarily 'discourage[s] false
> claims' (73 Am Jur 2d, Statute of Frauds §
> 403). 'In short, the purpose of the Statute
> of Frauds is simply to prevent a party from
> being held responsible, by oral, and perhaps
> false, testimony, for a contract that the
> party claims never to have made' (<u>id.</u>)"
> (<u>William J. Jenack Estate Appraisers &
> Auctioneers, Inc.</u>, 22 NY3d at 476).

Here we are specifically concerned with General
Obligations Law § 5-701 (a) (10), which "appl[ies] to a contract
implied in fact or in law to pay reasonable compensation" and
which provides that

> "[e]very agreement, promise or undertaking is
> void, unless it or some note or memorandum
> thereof be in writing, and subscribed by the
> party to be charged therewith, or by his
> lawful agent, if such agreement, promise or
> undertaking . . . [i]s a contract to pay
> compensation for services rendered in . . .
> *negotiating the purchase* . . . of any *real
> estate or interest therein*, or of *a business
> opportunity*, *business*, its good will,
> inventory, fixtures or an interest therein .
> . . ." (emphases added).

The same subdivision further states that " '[n]egotiating'
includes procuring an introduction to a party to the transaction
or assisting in the negotiation or consummation of the
transaction" (id.).

### III.

Applying these principles, we conclude that the statute
of frauds does not bar the causes of action to the extent they
pertain to what the amended complaint characterizes as the
"Innkeepers Project," the "Fitchburg and Omaha Projects," the
"Towneplace Suites Metairie Project," the "Hotel Victor Project,"
and the "Crowne Plaza Somerset Project," i.e., what are
denominated as project groups ##2-5 and 8.  The fundamental
question on this appeal is whether the services for which
plaintiff seeks compensation were tasks performed so as to inform
defendants *whether to negotiate* for the properties at issue, or

whether those services were performed *as part of* or *in furtherance of negotiation* for the subject properties.  As noted, General Obligations Law § 5-701 (a) (10) interdicts oral agreements to pay compensation for services rendered with respect to the *negotiation* of the purchase of real estate or of a business opportunity or business.  Supreme Court recognized this in dismissing the causes of action pertaining to project groups ##1, 6, and 7.  The allegations pertaining to project group #1 include what Supreme Court correctly saw as a claim for compensation for work plaintiff performed in furtherance of defendants' negotiation of a business opportunity, while the allegations pertaining to project groups ##6 and 7 seek compensation for services rendered in anticipation of a possible bid by defendants, including preparation of documents for bidding.

Said another way, Supreme Court properly dismissed the parts of the amended complaint bound by the common thread of allegations pertaining to defendants' negotiation of a business opportunity and declined to dismiss the parts of the amended complaint pertaining to project groups ##2-5 and 8, which are not braided by such claims.  Indeed, the allegations with respect to project groups ##2-5 and 8 could be construed as seeking recovery for work performed so as to inform defendants whether to partake in certain business opportunities, that is, *whether to negotiate*. To the extent the causes of action are based on such allegations,

they are not barred by the statute of frauds.[2]

Our decision in <u>Snyder</u> (13 NY3d 504), which is among the authorities on which defendants rely in seeking affirmance of the Appellate Division order, does not compel a different result. In that case the parties allegedly engaged in what the plaintiff characterized as a joint venture wherein the plaintiff essentially was to have functioned as the defendant's "consigliere" (<u>id.</u> at 506) in exchange for a share in the proceeds of any business transaction the defendant was able to consummate. In concluding that such "intermediary" work was covered by the statute of frauds, we invoked <u>Freedman v Chemical Constr. Corp.</u> (43 NY2d 260 [1977]), which provides that

> "where [an] intermediary's activity is so evidently that of providing 'know-how' or 'know-who', in bringing about between principals an enterprise of some complexity or an acquisition of a significant interest in an enterprise, the statute [of frauds] is entitled to be read both in accordance with its plain meaning, its evident purpose, and to accomplish the prevention of the mischief for which it was designed" (<u>id.</u> at 267; <u>see</u> <u>Snyder</u>, 13 NY3d at 509-510).

The work contemplated by the project groups that we have

---

[2]    To this point absent from our analysis is reference to project group #9. The omission is intentional inasmuch as plaintiff abandoned its appeal with respect to that project group by failing to raise any contention with respect to that group (<u>see</u> <u>generally</u> <u>Webb-Weber v Community Action for Human Servs., Inc.</u>, 23 NY3d 448, 451 n 2 [2014]; <u>New York Mut. Underwriters v Baumgartner</u>, 19 AD3d 1137, 1140-1141 [4th Dept 2005]). We neither examine that project group nor grant relief with respect to that group herein.

concluded survive the motion to dismiss arguably is not of an "intermediary" nature, so <u>Snyder</u> does not require that we affirm. Indeed, with respect to those project groups, plaintiff does not seek recovery for its "know-how" or "know-who," i.e., the "use [of] 'connections', . . . 'ability', and . . . 'knowledge' to arrange for [defendants] to meet 'appropriate persons' " in their business pursuits (<u>Freedman</u>, 43 NY2d at 267).

Plaintiff also contends that the Appellate Division order violates <u>Morris Cohon & Co. v Russell</u> (23 NY2d 569 [1969]), in that a memorandum writing may satisfy the statute of frauds (<u>id.</u> at 575-576). This contention is not properly before us inasmuch as the issue was raised for the first time on reply at the Appellate Division (<u>see</u> <u>Bingham v New York City Tr. Auth.</u>, 99 NY2d 355, 359 [2003] ["this Court best serves the litigants and the law by limiting its review to issues that have first been presented to and carefully considered by the trial and intermediate appellate courts"]; <u>see</u> <u>also</u> <u>Elezaj v Carlin Constr. Co.</u>, 89 NY2d 992, 994 [1997] ["(t)his Court has no power to review . . . unpreserved error"] [internal quotation marks omitted]). Finally, plaintiff's remaining contention is unpreserved.

Accordingly, the order of the Appellate Division should be modified, without costs, by denying defendants' motion to dismiss the amended complaint in part in accordance with this opinion, and, as so modified, affirmed and the certified question

not answered as unnecessary.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order modified, without costs, by denying defendants' motion to dismiss the amended complaint in part in accordance with the opinion herein, and, as so modified, affirmed and certified question not answered as unnecessary.  Opinion by Judge Fahey.  Chief Judge Lippman and Judges Read, Pigott, Rivera, Abdus-Salaam and Stein concur.


Decided July 1, 2015