**Rodriguez v Bitchin' Inc.**

2024 NY Slip Op 31560(U)

May 3, 2024

Supreme Court, New York County

Docket Number: Index No. 152619/2023

Judge: Dakota D. Ramseur

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DAKOTA D. RAMSEUR**
*Justice*

PART 34M

-------------------------------------------------------------------------------X

OMAR RODRIGUEZ

Plaintiff,

- v -

BITCHIN' INC.,

Defendant.

-------------------------------------------------------------------------------X

INDEX NO. 152619/2023

MOTION DATE 11/03/2023

MOTION SEQ. NO. 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43

were read on this motion to/for _____ DISMISS _____ .

In March 2023, plaintiff Omar Rodriguez commenced this action against defendant Bitchin' Inc., alleging that defendant's website contained "access barriers" that prevented him and other vision-impaired individuals from purchasing their products in violation of New York State and New York City equal-access public accommodations laws. Plaintiff's causes of action—including one for a declaratory judgment—are based upon Executive Law § 296 of the New York State Human Rights Law (hereinafter, "NYSHRL"), New York State Civil Rights Law ("NYSCRL") §40, and Administrative Code § 8-107 of the New York City ("NYCHRL"). For relief, plaintiff seeks actual, punitive, and statutory damages, preliminary and permanent injunctions, and a declaration that defendant's website discriminates against blind and visually impaired individuals. In this motion sequence (002), defendants move to dismiss pursuant to CPLR 3211 (a) (2) and (a) (7). (*See* NYSCEF doc. no. 13, notice of motion.) Plaintiff opposes the motion in its entirety. For the following reasons, defendant's motion to dismiss is granted.

## BACKGROUND

Plaintiff, who is visually impaired, alleges that he visited defendant's website (www.bitchinsauce.com) on March 3 and March 10, 2023, to purchased defendant's signature line of "Pesto Bitchin' sauces. (NYSCEF doc. no. 30 at ¶ 32, first amended complaint.) He found it "difficult, if not impossible" to purchase defendant's goods due to certain access barriers. (*Id*. at ¶ 34.) These barriers include the fact that: (1) the website was not properly coded to allow plaintiff to add more than one item once in the cart or to delete a product if too many single products had been added; (2) it did not contain proper navigation links or headings, making any attempt to navigate the website with a screen reader [1] incredibly time consuming; and (3) it did not provide a text equivalent for many non-textual images, meaning a screen reader would be

---

[1] A screen reader vocalizes the visual information on a website and is an important means for visually impaired individuals to navigate the internet.

**152619/2023 RODRIGUEZ, OMAR vs. BITCHIN' INC.**
**Motion No. 002**

**Page 1 of 5**

incapable of accurately vocalizing descriptions of the images to him. (*Id*. at ¶ 34 [a], [b], and [c].) Plaintiff acknowledges that he did not provide notice to defendant of these alleged deficiencies prior to instituting this litigation.

This action, commenced on March 21, 2023, is one of at least 43 others that plaintiff filed in 2023 against website owners and operators on the same grounds (*see* NYSCEF doc. no. 16, list of Omar Rodriguez's 43 2023 actions), including two others filed the very same day using virtually identical complaints (*see* NYSCEF doc. no. 17, complaint in *Rodriguez v Work 'N Gear, Inc*, NYSCEF index no. 152618/2023; NYSCEF doc. no. 18, complaint in *Rodriguez v Fishpeople Seafood Inc.*, NYSCEF index no. 152621/2023). Based on these suits, defendant contends that plaintiff is a serial litigator who did not visit its website, or these others, to purchase consumer products but to "shakedown" individual businesses. (NYSCEF doc. no. 28 at 5-6, def. memo of law in support.)

## DISCUSSION

*Dismissal For Failure to State a Cause of Action—CPLR 3211 (a) (7)*

On a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the plaintiff the benefit of every possible favorable inference. (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015].) Nonetheless, conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss.' (*See Godfrey v Spano*, 13 NY3d 358, 373 [2009]; *Barnes v Hodge*, 118 AD3d 633, 633-634 [1st Dept 2014].) A court's inquiry is limited to assessing the legal sufficiency of the plaintiff's pleadings; accordingly, its only function is to determine whether, from facts alleged and inferences drawn therefrom, plaintiff has stated the elements of a cognizable cause of action. (*JF Capital Advisors*, 25 NY3d at 764; *Skill Games, LLC v Brody*, 1 AD3d 247, 250 [1st Dept 2003].)

Plaintiff's Reasonable Accommodation Theory

At the outset, to the extent that plaintiff asserts a cause of action under the NYSHRL Executive Law § 296 (2) (c) [2], the applicable NYSCRL, and NYCHRL § 8-107 (15) [3] for discrimination based on defendant's failure to provide him a reasonable accommodation, the cause of action is dismissed. In opposing defendant's motion, plaintiff admits that his causes of action are under disparate impact and disparate treatments theories of discrimination, not a reasonable accommodation theory. (NYSCEF doc. no. 36 at 15-16; s*ee also Brooklyn Ctr. for Psychotherapy, Inc. v Phila Indem. Ins. Co.*, 955 F3d 305, 311 [2d Cir. 2020] [recognizing three

---

[2] Executive Law § 296 (2) (c) defines a "discriminatory practice" as an owner's "refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities.

[3] Administrative Code § 8-107 (15) provides, "It is an unlawful discriminatory practice for any person prohibited by the provisions of this section from discriminating on the basis of disability not to provide a reasonable accommodation to enable a person with a disability to…enjoy the rights or rights in question provided that the disability is known or should have been known by the covered entity."

**152619/2023 RODRIGUEZ, OMAR vs. BITCHIN' INC.**
**Motion No. 002**

**Page 2 of 5**

2 of 5

types of disability discrimination: intentional discrimination (disparate treatment), disparate impact, and failure to make reasonable accommodations].)

Plaintiff's Disparate Treatment Theory

New York State Executive Law § 296 (2) provides, "(a) It shall be an unlawful discriminatory practice for any person, being the owner … of any place of public accommodation, *because of* the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof." New York City Administrative Code § 8-107 (4) defines discrimination in public accommodations nearly identically:

> (4) It shall be an unlawful discriminatory practice for any owner or operator of any public accommodation (1) *because of* any person's actual or perceived…disability… (a) to refuse, withhold from or deny such person the full and the equal enjoyment, on equal terms and conditions, of any of the advantages, services, facilities, or privileges of its place of public accommodation. (Admin. Code § 8-107 [4] [1] [a].)

For disparate treatment claims, "proof of [a discriminatory] motive is critical." (*See Brooklyn Ctr. for Psychotherapy*, 955 F 3d at 311, quoting *Hazen Paper Co. v Baggins*, 507 US 604, 609 [1993].)

Here, plaintiff's complaint fails to provide any facts that could plausibly support an inference of defendant's discriminatory motive when it allegedly denied him access to their website. Plaintiff admits that he did not request from defendant a reasonable accommodation to allow him to access their website or otherwise contact defendant's business before filing suit. In this context, where the public accommodation is a website instead of a physical public accommodation, plaintiff has not shown that defendant knew of his visual impairment let alone discriminated on said basis. As such, since plaintiff cannot plead that defendant discriminated against him "because of" his disability, hecannot not properly allege injury under a disparate treatment theory. Plaintiff attempts to distinguish his pleadings from those in *Roberman v Alamo Draft House* (2020 NYLJ 215 at *9-10 [Sup. Ct. Kings County 2020) on grounds that, there, the plaintiff "filed their complaint under 8-107 (15) (a)." Yet the difference between which statutes were cited in the two complaints is ultimately rather meaningless since the court addressed plaintiff's claims under both public accommodation and disparate treatment theories. Like here, the court in *Alamo Draft House* found plaintiff's failure request an accommodation so that she could access videos on a website dispositive as to her disparate treatment claim. (*Id*. ["In light of the Court's finding that plaintiff failed to establish that Defendant did not reasonably provide her with an accommodation, her NYCHRL claim under the disparate treatment theory fails."]) [4]

---

[4] To the extent that *Guerrero v Ogawa USA Inc.* (2023 US Dist LEXIS 109579 at *18 [SDNY 2023) found that plaintiff "does not need to have requested an accommodation before filing this suit because the First Amended Complaint states a claim [for disparate treatment]," the court did not address the discriminatory motive element of such a cause of action—only that a website is a "place of public accommodation under the ADA." (*Id*. at *19.)

**152619/2023   RODRIGUEZ, OMAR vs. BITCHIN' INC.**
**Motion No.  002**

**Page 3 of 5**

3 of 5

Plaintiff's Disparate Impact Theory

To plead a cause of action under a disparate impact theory, plaintiff must allege sufficient facts that show defendants maintained a policy or practice that, while facially neutral, "falls more harshly on" or results in a disparate impact to a group protected by the statute. (*See* Admin. Code § 8-107 [17]; *Mete v NY State Office of Mental Retardation &Development*, 21 AD3d 288, 296-297 [1st Dept 2005].) Here, defendant argues that the alleged technical issues/design flaws preventing those with visual impairments from accessing its website are neither a "policy" nor "practice" that can be the subject of a disparate impact claim. (NYSCEF doc. no. 28 at 15-16.) In contrast, plaintiff argues that the definition of "practice" is, according to one online dictionary, a "habitual or customary performance; operation" and, as such, defendant's maintenance of the website constitutes a "practice" that can result in a disparate impact against members of a protected class. (NYSCEF doc. no. 36 at 17-18, plaintiff memo of law.) At its core, plaintiff's argument requires the website to be both "the place of public accommodation" (*see Sullivan v BDG Media*, 71 Misc. 3d 863, 869-870 [Sup. Ct. NY County 2021]) and the facially neutral "practice" that the public accommodation employs but which has a discriminatory impact on members of a protected group. In its *Legal Enforcement Guidance*, the NYC Commission on Human Rights cites two examples of neutral policies with disparate impacts, both of which presuppose a distinction the "public accommodation" and the "policy" or "practice" in question: "No outside food" policies that may exclude individuals who have diabetes, and "No motorized devices" policies that affect people who use wheelchairs and electric scooters to move around. (NYC Commission on Human Rights, Legal Enforcement Guide at 30-31, available at https://www.nyc.gov/assets/cchr/downloads/pdf/NYCCHR_LegalGuide-DisabilityFinal.2.pdf [accessed May 2, 2024].) With respect to defendant's website, plaintiff has failed to identify an independent policy or practice that has a discriminatory impact on individuals with disabilities.

Further, it should also be clear that plaintiff's argument that website owners may be subject to disparate impact claims by virtue of its site containing alleged technical/design flaws that create "access barriers" represents a rather novel expansion of disability discrimination under the NYCHRL—an expansion that undermines the traditional approach of requiring a plaintiff to request a reasonable accommodation for their disability before commencing suit and— even accounting for the liberal interpretation given to the City HRL—has yet to be adopted by a Department of the Appellate Division. In the absence of Court of Appeals or Appellate Division caselaw suggesting that the operation website, in and of itself, may be the subject of a disparate impact claim, the Court finds that plaintiff has not adequately pled an injury arising from a "policy" or "practice" of defendant.

Accordingly, since plaintiff has failed to plead a cause of action under disparate treatment, disparate impact, or failure to provide reasonable accommodations theories—either under Executive Law § 296 or Administrative Code § 8-107, these causes of action are dismissed. Lastly, despite defendant moving for dismissal of plaintiff's New York State Civil Rights Law § 40 claim on grounds that plaintiff has not been discriminated against because of his disability (*see* NYSCEF doc. no. 28 at 11), plaintiff did not oppose dismissal of this claim under any of the three theories described above. Accordingly, his New York Civil Rights Law claims are also dismissed.

**152619/2023   RODRIGUEZ, OMAR vs. BITCHIN' INC.**
**Motion No.  002**

**Page 4 of 5**

Since defendant is entitled to dismissal of the complaint under CPLR 3211 (a) (7), the Court need not address the parties' argument regarding plaintiff's standing under the State and City Human Rights Law.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that defendant Bitchin' Inc.'s motion for dismissal pursuant to CPLR 3211 (a) (7) is granted and the complaint is dismissed; and it is further

ORDERED that counsel for defendant shall serve a copy of this order, along with notice of entry, on all parties within twenty (20) days of entry.

20240503162037DRAMSEURF1C64FE12C1D414DBFB373250D41B079

_5/3/2024_
**DATE**

**DAKOTA D. RAMSEUR, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152619/2023   RODRIGUEZ, OMAR vs. BITCHIN' INC.**
**Motion No.  002**

Page 5 of 5

5 of 5