| |
|---|
| **Dawkins v Bailey House, Inc.** |
| 2024 NY Slip Op 32841(U) |
| August 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160709/2019 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. HASA A. KINGO**

*Justice*

|  |  |
|---|---|
| PART | 05M |

-------------------------------------------------------------------------------X

LEWIS DAWKINS,

          Plaintiff,

    - v -

BAILEY HOUSE, INC.,PARK 121 REALTY LLC,ELTECH
INDUSTRIES, INC.,

          Defendant.

-------------------------------------------------------------------------------X

PARK 121 REALTY LLC

          Plaintiff,

    -against-

THE CITY OF NEW YORK, FIRE DEPARTMENT OF THE
CITY OF NEW YORK

          Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160709/2019 |
| MOTION DATE | 05/06/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595734/2022

The following e-filed documents, listed by NYSCEF document number (Motion 003) 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 88, 89, 90, 91

were read on this motion for                DISMISSAL            .

       With the instant motion defendant the City of New York[1] (hereinafter "the City") moves to dismiss the third-party complaint of Park Realty 121 LLC ("Park 121") and any cross-claims pursuant to CPLR §3211(a)(7), or in the alternative, for summary judgment to dismiss the third-party complaint and any cross-claims. Plaintiff Lewis Dawkins ("Plaintiff") has not named the City as a direct defendant. Park 121 opposes the motion.

## BACKGROUND AND PROCEDURAL HISTORY

       This case arises out of an incident that occurred on October 1, 2019, when Plaintiff allegedly sustained injuries while riding an elevator at 1751 Park Avenue, New York, New York. The elevator allegedly malfunctioned, trapping Plaintiff between the second and third floors. The

---

[1] Sued herein as the City of New York and the Fire Department of the City of New York.

**160709/2019  DAWKINS, LEWIS vs. BAILEY HOUSE, INC.**
**Motion No.  003**

**Page 1 of 4**

1 of 4

[* 1]

Fire Department of the City of New York ("FDNY") was called to the scene and extricated Plaintiff, who later filed a complaint seeking damages for his injuries.

On November 4, 2019, Plaintiff initiated this action against various non-municipal defendants, including Eltech Industries Inc., Bailey House, Inc., and Park 121. Plaintiff alleged that these defendants negligently allowed a dangerous condition to exist on the premises. Issue was joined by all defendants by early 2020.

In September 2022, Park 121 commenced a third-party action against the City of New York and FDNY, alleging that the City's negligence contributed to Plaintiff's injuries. The City now moves to dismiss the third-party complaint and any cross-claims against it under CPLR §3211(a)(7) for failure to state a cause of action. Alternatively, the City seeks summary judgment under CPLR §3212, arguing that it owed no special duty to Plaintiff or to Park 121, and that its actions are protected by the governmental function immunity defense.

## ARGUMENTS

The City contends that the third-party complaint must be dismissed because neither the primary complaint nor the third-party complaint alleges that the City assumed or breached a special duty to Plaintiff or Park 121. The City further asserts that it is entitled to summary judgment based on the governmental function immunity defense, as FDNY's actions during the rescue were discretionary acts performed during the exercise of a governmental function.

Park 121 opposes the motion, arguing that it is premature. Park 121 emphasizes that discovery is ongoing, and critical depositions, including those of Bailey House, Eltech Industries, and the City, have not yet been conducted. Park 121 also disputes the City's characterization of FDNY's actions, suggesting that factual issues remain regarding the nature of the emergency and FDNY's conduct during the rescue.

## DISCUSSION

On a motion to dismiss for failure to state a cause of action under CPLR §3211 (a)(7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the pleadings the benefit of every possible favorable inference. (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v Lightstone Group*, LLC, 25 NY3d 759, 764 [2015].) Ordinarily, the court's inquiry is limited to assessing the legal sufficiency of the pleadings; accordingly, the court's only function is to determine whether the facts as alleged fit within a cognizable legal theory (*JF Capital Advisors*, 25 NY3d at 764, *supra*).

Upon review of the submissions and arguments presented, this court finds that the City has failed to show that dismissal of Park 121's motion is warranted pursuant to CPLR §3211(a)(7). Indeed, affording Park 121 the benefit of every favorable inference, Park 121 has asserted a cognizable claim for contribution and indemnification. The fact that Park 121 has not specifically pleaded a special duty (although one can be inferred from the pleadings) does not negate the fact that discovery may reveal that the City owed a special duty to Plaintiff. Park 121's pleadings are cognizable notwithstanding Plaintiff's failure to plead a special duty. In the absence of discovery,

160709/2019   DAWKINS, LEWIS vs. BAILEY HOUSE, INC.                                    Page 2 of 4
Motion No.  003

2 of 4

it is unknown at this juncture whether the existence of a special duty will be borne out, however, Park 121's pleadings at this stage are sufficient when Park 121 is afforded the benefit of every favorable inference.

In addition, the City's summary judgment motion is premature. Discovery in this case is far from complete. Plaintiff's deposition, while commenced on May 31, 2022, has yet to be concluded. The depositions of key witnesses, including representatives from Bailey House, Park 121, Eltech Industries, and the City, are scheduled to take place in the coming months. Additionally, the City has yet to provide the FDNY report, which may contain vital information regarding the incident in question.

The case law supports the position that a motion for summary judgment should not be granted when relevant discovery is outstanding. In *Schlichting v. Elliquence Realty, LLC*, 116 AD3d 689 (2d Dept 2014), which Park 121 cites, the Appellate Division, Second Department held that a party opposing a summary judgment motion is entitled to obtain further discovery when it appears that facts supporting the opposition may exist but cannot yet be stated. This principle is particularly applicable when a motion is made before depositions have been completed. This principle has been followed within the Appellate Division, First Department (*see Mason v City of New York*, 121 AD3d 468 [1st Dept 2014]; *see also Blech v West Park Presbyt. Church*, 97 AD3d 443 [1st Dept 2012]). Thus, it appearing from Park 121's opposition papers that facts essential to its opposition may exist due to the numerous items of discovery still outstanding, the City's application for summary judgment must be denied at this time, as premature (*see* CPLR § 3212; *see also Espinoza v Fowler-Daley Owners, Inc.*, 171 AD3d 480 [1st Dept 2019]).

Moreover, the City's reliance on the governmental function immunity defense is premature at this stage. The determination of whether FDNY's actions were discretionary and thus protected by immunity requires a thorough examination of the facts, which have not yet been fully developed.

Park 121's third-party complaint asserts claims for contribution and indemnity, and the City's arguments concerning its liability do not adequately address these causes of action. Plaintiff has yet to complete his testimony, and no conclusive evidence has been presented to establish whether the City owed a special duty to Plaintiff or whether FDNY's actions during the rescue were discretionary in nature.

Given the incomplete state of discovery, it would be inappropriate to dismiss the third-party complaint or grant summary judgment at this time. The City's motion is therefore denied, with leave to renew following the completion of discovery. Accordingly, it is hereby:

ORDERED that the motion by the City of New York and the Fire Department of the City of New York to dismiss the third-party complaint and any cross-claims against them, or alternatively, for summary judgment, is DENIED as premature, with leave to renew following the completion of all outstanding discovery, including depositions; and it is further

ORDERED that the parties shall proceed with discovery in accordance with the current scheduling order.

160709/2019   DAWKINS, LEWIS vs. BAILEY HOUSE, INC.                                Page 3 of 4
   Motion No.  003

3 of 4

[* 3]

This constitutes the decision and order of the court.

20240813105826HKING087769XFC157464C900FB406CK3B0A80

_____
8/13/2024
**DATE**

_____
**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**160709/2019   DAWKINS, LEWIS vs. BAILEY HOUSE, INC.**
**Motion No.  003**

**Page 4 of 4**

[* 4]