Arrospide v City of New York (2025 NY Slip Op 25078)

[*1]

Arrospide v City of New York

2025 NY Slip Op 25078

Decided on April 2, 2025

Supreme Court, New York County

Kingo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on April 2, 2025
Supreme Court, New York County

Oscar Arrospide, Plaintiff,

against
City of New York, RESEARCH FOUNDATION FOR MENTAL HYGIENE., INC., SHAMECKA WILLIAMS, MARCELLA NAPOLITANO, Defendant.

Index No. 154642/2024

Plaintiff: John Scola
City of New York: Shamecka Williams, Marcella Napolitano, and Dominique Anglade
City Research Foundation for Mental Hygiene, Inc. ("Research"): Michael Billok

Hasa A. Kingo, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 27, 28, 29, 30, 32, 33 were read on this motion to DISMISS.
The following e-filed documents, listed by NYSCEF document number (Motion 002) 22, 23, 24, 25, 26, 34 were read on this motion to DISMISS.
Defendants Research Entity ("Research") and the City of New York ("the City") (collectively "Defendants") move to dismiss Plaintiff Oscar Arrospide's ("Plaintiff") complaint pursuant to CPLR §§ 3211(a)(1) and (a)(7), arguing that the claims are either legally insufficient or conclusively refuted by documentary evidence. Plaintiff opposes the motions, asserting that the complaint sufficiently states causes of action under the New York City Human Rights Law [*2]("NYCHRL"). For the reasons set forth below, Defendants' motions are denied in their entirety.
BACKGROUND AND PROCEDURAL HISTORY
Plaintiff commenced this action on May 20, 2024, alleging employment discrimination under the NYCHRL. Specifically, Plaintiff asserts claims of (i) disability discrimination, (ii) strict liability, and (iii) failure to provide a reasonable accommodation and engage in a cooperative dialogue.
Plaintiff was hired by Research in 2020 as a procurement coordinator and later offered a permanent position. His work largely consisted of clerical tasks and contract review, and he initially performed these duties remotely due to the COVID-19 pandemic. In July 2022, the City announced a partial return-to-office policy, which Plaintiff complied with. By late 2022, Plaintiff was required to work in person full-time.
On November 4, 2022, Plaintiff suffered injuries in a bus accident, necessitating a three-week absence. On December 12, 2022, he experienced a syncope episode at home. Upon his return to work on December 19, 2022, Plaintiff requested an accommodation to work remotely, which was initially permitted. Plaintiff alleges that from December 2022 to August 2023, he submitted periodic medical documentation supporting his accommodation request.
In July 2023, Plaintiff submitted another request for continued remote work, which Research and the City denied. He was directed to submit his request to the City's Office of Equal Employment Opportunity ("EEO"), which requested an updated medical letter. On September 1, 2023, the City denied Plaintiff's request. Plaintiff submitted a note from his orthopedic surgeon on September 12, 2023, and attempted to work remotely that day. He alleges that he was immediately instructed to log off, suspended, and ultimately constructively terminated, with his last paycheck issued on October 4, 2023.
ARGUMENTS
Defendants argue that Plaintiff's claims fail as a matter of law. Research contends that Plaintiff voluntarily resigned and was not constructively discharged, that it engaged in a cooperative dialogue, and that it was not required to accommodate Plaintiff's commuting difficulties. The City asserts that Plaintiff failed to sufficiently allege discriminatory animus or that he was treated less favorably than others. The City further argues that Plaintiff's claims are conclusory and that individual defendants Williams and Napolitano cannot be held strictly liable under the NYCHRL.
Plaintiff opposes the motions, asserting that he has sufficiently pled facts supporting his claims and that material issues of fact preclude dismissal at this stage.
DISCUSSION
On a motion to dismiss for failure to state a cause of action under CPLR § 3211(a)(7), the court must afford the pleadings a liberal construction, accept the facts as alleged as true, and provide the plaintiff with every possible favorable inference (Leon v Martinez, 84 NY2d 83, 87 [1994]; JF Capital Advisors, LLC v Lightstone Group, LLC, 25 NY3d 759, 764 [2015]). The court's function is limited to assessing the legal sufficiency of the claims, not the ultimate merits [*3](id.). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (511 West 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002] [internal citations omitted]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (Cortlandt Street Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018]), but a pleading consisting of "bare legal conclusions" is insufficient (Leder v Spiegel, 31 AD3d 266, 267 [1st Dept 2006], aff'd 9 NY3d 836 [2007], cert denied 552 US 1257 [2008]) and "the court is not required to accept factual allegations that are plainly contradicted by the documentary evidence or legal conclusions that are unsupportable based upon the undisputed facts" (Robinson v Robinson, 303 AD2d 234, 235 [1st Dept 2003]).
Under CPLR § 3211(a)(1), dismissal is warranted only where the documentary evidence utterly refutes the plaintiff's allegations and conclusively establishes a defense as a matter of law (Phillips v Taco Bell Corp., 152 AD3d 806, 806-807 [2d Dept 2017]; VXI Lux Holdco S.A.R.L v SIC Holdings, LLC, 171 AD3d 189, 193 [1st Dept 2019]). The evidence must be unambiguous, authentic, and undeniable (Art & Fashion Group Corp. v Cyclops Prod., Inc., 120 AD3d 436, 438 [1st Dept 2014]).
Claims under the NYCHRL must be reviewed with "an independent liberal construction analysis in all circumstances . . . targeted to understanding and fulfilling . . . the [NYCHRL's] uniquely broad and remedial purposes," and should be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible" (Williams v New York City Hous. Auth., 61 AD3d 62, 66 [1st Dept 2009][internal citations and quotations omitted]; Albunio v City of New York, 16 NY3d 472, 477-478 [2011]). Employment discrimination claims under the NYCHRL are reviewed under a notice pleading standard, in which a "plaintiff alleging employment discrimination need not plead specific facts establishing a prima facie case of discrimination but need only give fair notice of the nature of the claim and its grounds" (Vig v New York Hairspray Co., L.P., 67 AD3d 140, 145 [1st Dept 2009][internal quotations omitted]).
Here, in reviewing Defendants' arguments and the documentary evidence proffered, the court must afford the pleadings a liberal construction, accepting the factual allegations as true and drawing all favorable inferences for Plaintiff. As established in Leon, 84 NY2d at 87, supra, and reiterated in JF Capital Advisors, LLC, 25 NY3d at 764, supra, the court's inquiry on a motion to dismiss under CPLR § 3211(a)(7) is limited to determining whether the facts alleged, taken as true, fall within a cognizable legal theory. In this case, Plaintiff's allegations, though complex and at times seemingly inconsistent, preclude dismissal at this early stage.
First, Plaintiff sufficiently alleges adverse employment action. The complaint meticulously sets forth that his accommodation request was denied, he was suspended, and subsequently constructively terminated. Defendants' assertion that Plaintiff's resignation rendered his departure voluntary is a factual dispute ill-suited for resolution on pre-answer motions to dismiss (see Doe v. Bloomberg L.P., 36 NY3d 450, 456 [2021]).
Likewise, a central element of Plaintiff's claims under the NYCHRL is the allegation that he was denied a reasonable accommodation. In evaluating this claim, the court must consider not only whether the accommodation request was appropriate, but also whether Defendants engaged in a meaningful dialogue to identify a feasible accommodation. During oral argument on April 1, 2025, both Research and the City minimized the import of this analysis by firmly asserting that no reasonable accommodation beyond the consideration of remote work was justified. They [*4]further contended that any such accommodation would only be considered after Plaintiff provided an additional physician's note. Indeed, they failed to present evidence that they had considered alternatives—such as providing Plaintiff with a cane or permitting a later start time—to alleviate his transportation challenges and enable him to perform his essential duties. Such a cursory dismissal runs afoul of governing case law, which mandates that an employer must at least assess whether viable alternatives would impose an undue hardship (Jacobsen v. New York City Health and Hospitals Corp., 22 NY3d 824 [2014]). The record here is devoid of any evidence that Defendants undertook such a comprehensive evaluation. Plaintiff has alleged that his medical condition—rendering him unable to navigate public transportation safely—necessitated a remote work arrangement. Despite repeated submissions of medical documentation from his healthcare providers, Plaintiff's accommodation request was ultimately denied. Plaintiff contends that such a denial, particularly in light of his continued ability to perform the essential functions of his job with accommodation, constitutes a failure to provide a reasonable accommodation. At this stage of the proceedings, the court finds that those allegations, as pleaded, are sufficient to survive dismissal.
Nevertheless, Defendants further argue that commuting difficulties do not fall within the purview of a reasonable accommodation because commuting is an activity unrelated to the work environment. Notably, Research references Dudley v. New York City Hous. Auth., 2014 WL 5003799, at *35 (S.D.NY Sept. 30, 2014) to support its position. However, the court recognizes that this case law addressing commuting as an issue in the context of reasonable accommodations is neither binding nor dispositive in this case, particularly within the context of pre-answer motions to dismiss. Defendants' reliance on Dudley is misplaced. First, Dudley was decided at the summary judgment stage, where the court had the benefit of a fully developed evidentiary record. In contrast, the instant motions are pre-answer motions to dismiss, where the court must accept Plaintiff's allegations as true and draw all reasonable inferences in Plaintiff's favor. The procedural posture alone renders Dudley inapposite at this juncture.
Moreover, Dudley is factually distinct. There, the court found that the plaintiff's alleged disability did not prevent him from arriving at work on time and that his request for a later start time was merely a personal preference, not an accommodation necessary to perform the essential functions of his job. Here, by contrast, Plaintiff has plausibly alleged that his disability directly impairs his ability to comply with scheduling requirements, and that the requested accommodation—remote work—is necessary to ensure meaningful access to employment. Unlike in Dudley, Plaintiff does not ostensibly seek an accommodation merely for convenience but as a means to perform the essential duties of the position on equal footing with non-disabled employees.
Finally, the Dudley court's conclusion that an employer is not required to accommodate commuting difficulties is inapplicable where, as here, the alleged impairment potentially affects Plaintiff's the ability to meet fundamental job requirements even after arrival at the workplace.
In contrast to Dudley, where the court characterized the accommodation request as merely a preference, Plaintiff's claim is supported by more recent and nuanced analyses. Specifically, Plaintiff's filings include case law—such as Estate of Benitez v. City of New York, 193 AD3d 42 (1st Dept 2021)—which underscores that an accommodation should be provided unless it creates an undue hardship without regard to any explicit restriction premised on prohibiting accommodations based on commuting. Indeed, In Benitez, the Appellate Division, First Department, recognized that accommodations should be evaluated on a case-by-case basis [*5]and that the determination of hardship requires a factual inquiry into the specific circumstances. Moreover, while Dudley may suggest that commuting is outside the scope of employment accommodations (see Dudley, 2014 WL 5003799, at *35 [SDNY 2014]), such a holding is not controlling on NYCHRL claims, which must be construed "independently from similar federal or state provisions" (Williams v New York City Hous. Auth., 61 AD3d 62, 66 [1st Dept 2009]). Likewise, it is notable that federal courts have recognized that remote work accommodations may be reasonable where supported by medical necessity (see e.g. McMillan v City of New York, 711 F3d 120, 128-29 [2d Cir 2013]). Here, neither the Court of Appeals nor the Appellate Division, First Department, has provided binding precedent barring accommodations premised on commuting difficulties. Therefore, Plaintiff's allegations—asserting that remote work was a necessary and reasonable accommodation—remain viable and are entitled to the benefit of the doubt at this stage in the proceeding.
Second, whether Plaintiff was denied a reasonable accommodation requires factual inquiry. The NYCHRL mandates that an employer engage in a cooperative dialogue to determine an appropriate accommodation (Admin. Code of City of NY § 8-107[28]). Defendants argue that Plaintiff failed to engage in the process, yet their own submissions indicate that Plaintiff provided medical documentation and submitted requests. The timeline of Plaintiff's submissions, coupled with the purported inconsistencies in Defendants' internal handling of these requests, supports an inference that the dialogue was not properly conducted. Defendants argue that the documentary evidence—comprising emails, correspondence, and medical documentation—unequivocally refutes Plaintiff's claims by demonstrating that there was an adequate cooperative dialogue and that the Plaintiff's requests for accommodation were properly handled. However, Plaintiff contends, and the record supports, that the interactive process was marked by significant deficiencies. Although Defendants assert that they engaged in a cooperative dialogue, the evidence reveals that Plaintiff was subjected to a confusing array of directives—first being advised to submit his request through Research and subsequently redirected to the City's EEO—thus undermining any claim of a bona fide and continuous interactive process.
The court finds that the documentary evidence does not unequivocally establish that Defendants' actions precluded the possibility of a reasonable accommodation. Rather, the evidence, when viewed in totality, suggests that there were unresolved questions about whether the dialogue was sufficiently meaningful or consistent with the obligations imposed by the NYCHRL. As established in Garber v. Board of Trustees of State Univ. of NY, 38 AD3d 833, 834 (2d Dept 2007), allegations that amount to bare legal conclusions, or that are contradicted by documentary evidence, are not entitled to relief at the motion to dismiss stage if any genuine issues of fact remain. Here, the court finds that such genuine issues persist, particularly regarding whether the accommodation process was executed in a manner consistent with the law.
Furthermore, Plaintiff has sufficiently alleged that the adverse employment actions he suffered—including suspension and constructive termination—were the direct result of his reliance on his doctor's advice and his repeated accommodation requests. The evidence suggests that these actions were not solely the result of voluntary resignation or a mere refusal to engage in dialogue; rather, they point to a potential constructive discharge, where the working conditions and the way the interactive process was handled compelled Plaintiff to leave his position. As established in cases such as Evans v. City of New York, 64 AD3d 468 (1st Dept 2009), the threshold for constructive discharge requires allegations that the working conditions [*6]were rendered intolerable by the employer's actions. In this case, Plaintiff has pled facts that raise a genuine issue as to whether the interactive process was conducted in good faith and whether his termination was, in fact, a constructive discharge rather than a voluntary resignation.
Plaintiff further alleges that, as a result of the denial of his accommodation request, he was subjected to a hostile work environment—a claim that demands more than isolated incidents or minor slights. Under the NYCHRL, a hostile work environment is characterized by pervasive or severe conduct that creates an abusive working atmosphere. While Defendants contend that any adverse treatment amounted only to minor inconveniences, Plaintiff has detailed a series of events that, when considered collectively, demonstrate a pattern of behavior that is both discriminatory and retaliatory. The court notes that the determination of what constitutes a hostile work environment is ultimately a question of fact, and that such questions are inappropriate for resolution on pre-answer motions to dismiss.
Finally, Plaintiff's allegations sufficiently state claims under the NYCHRL's broad remedial framework. The strict liability claim against Research and the City for actions of their employees is supported by NYC Admin. Code §8-107(13)(b), and the allegations against Williams and Napolitano are adequately pled to withstand dismissal at this stage.
In sum, the court finds that Defendants' documentary evidence fails to conclusively refute Plaintiff's allegations. The arguments advanced by both Research and the City—ranging from assertions regarding the adequacy of the interactive process to the contention that commuting difficulties are not subject to accommodation—do not, as a matter of law, dispose of Plaintiff's claims. Moreover, the case law cited by Plaintiff, including Estate of Benitez, 193 AD3d 42, supra, supports the proposition that a reasonable accommodation may extend to issues of commuting and remote work, even though binding precedent on this point from higher appellate courts is absent. Consequently, Plaintiff has alleged enough factual matter to survive dismissal on all counts at this stage. As such, this court finds that the Plaintiff's complaint adequately states a cause of action for disability discrimination, failure to provide a reasonable accommodation, and the related claims. The issues raised by Defendants are, in large part, questions that shall be answered during discovery rather than on pre-answer motions to dismiss.
In the final analysis, the duty of the court is to give every claim a full and honest hearing, allowing the truth to emerge from the merits of the case rather than dismissing it in haste. To preemptively dispose of this matter would be tantamount to halting a sonnet before its final, clarifying couplet can be inscribed. It would, in essence, deprive justice of its full measure, a measure that can only be achieved following the exacting process of discovery. This court is therefore compelled to let the issues run their course on their merits, ensuring that the substantive arguments and evidence are afforded their proper consideration before a final judgment is rendered. Accordingly, it is hereby
ORDERED that Defendants' motions to dismiss are DENIED in their entirety.
This constitutes the decision and order of the court.
DATE 4/2/2025
HASA A. KINGO, J.S.C.