R.K. v M.K. (2025 NY Slip Op 50770(U))

[*1]

R.K. v M.K.

2025 NY Slip Op 50770(U)

Decided on May 13, 2025

Supreme Court, Erie County

Martoche, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 13, 2025
Supreme Court, Erie County

R.K., Plaintiff,

against
M.K., Defendant.

Index No. 804431/2024

For Plaintiff:
William F. Savino, Esq.
Woods Oviatt Gilman LLP
50 Fountain Plaza, Suite 320
Buffalo, New York 14202
Paul A. Vance, Esq. 
Vance & Zeis
1000 Olympic Towers, Tenth Floor
300 Pearl Street
Buffalo, New York 14202
For defendant:
Joan Adams, Esq.
400 Essjay Road, Suite 350
Williamsville, New York 14221-8226

Amy C. Martoche, J.

Plaintiff commenced this action seeking recission of the parts of the judgment of divorce and the parties' property settlement agreement (PSA) incorporated therein considering the amount of the equitable share of plaintiff's distributive award from defendant's ownership interest in a business on grounds of fraud and newly discovered evidence. Plaintiff specifically contends that the sale of defendant's share of that business was imminent, but neither consummated nor disclosed, at the time the PSA was executed and the judgment entered, and that information material to both that pending sale and the price to be paid for that asset was withheld from plaintiff as her distributive share of the parties' marital property was negotiated. Defendant now moves for an order dismissing the complaint pursuant to CPLR 3211 (a) (1) and (a) (7), as well as for an award of attorney's fees, expert fees, and costs. 
Applying the appropriate standards (see JF Capital Advisors, LLC v Lightstone Group, [*2]LLC, 25 NY3d 759, 761 [2015]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]), the part of the motion seeking dismissal of the complaint is granted. To prevail on a cause of action sounding in fraud—a theory in which the entirety of the complaint is rooted—a plaintiff must plead in detail (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491 [2008]) and prove these elements: "a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the [plaintiff] to rely upon it, justifiable reliance of the [plaintiff] on the misrepresentation or material omission, and injury" (Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 827 [2016] [internal quotation marks omitted]). Plaintiff's claim is "analogous" to that advanced in Kojovic v Goldman (35 AD3d 65, 68 [1st Dept 2006], lv denied 8 NY3d 804 [2007]), where the Appellate Division granted a motion to dismiss a complaint sounding in fraud and seeking recission based on a postdivorce claim of concealment (see id. at 68-70). 
The part of the motion seeking an award of costs and fees, however, is denied.
"[A]ttorney's fees are incidents of litigation and a prevailing party [typically] may not collect them from the loser" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1994]; see Chapel v Mitchell, 84 NY2d 345, 349 [1994]).[FN1]
The Court declines to exercise its discretion to award costs upon the motion (see CPLR 8106). 
Accordingly, for all of the foregoing reasons, the motion is granted to the extent it seeks dismissal of the complaint. Defendant shall submit an order consistent with this decision within ten business days. 
Dated: May 13, 2025
Hon. Amy C. Martoche, J.S.C.

Footnotes

Footnote 1:The Court notes that, in the context of the underlying matrimonial action (index No. 816921/2021), defendant has applied for an order awarding him legal fees, expert fees, and costs incurred in this matter upon submission of a quantum meruit application. The Court previously held that motion in abeyance, and it will schedule a conference involving counsels to determine the course to be taken in restoring to its calendar and determining that application.