■ ROSE MIRABILE et al., Appellants, v ALBERT PROFY et al., Respondents. — In a medical malpractice action, plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Lerner, J.), dated August 24, 1982, as dismissed their complaint against defendant Profy for lack of jurisdiction over said defendant. Judgment affirmed, insofar as appealed from, without costs or disbursements. (See *Chalk v Catholic Med. Center of Brooklyn & Queens,* 58 AD2d 822; *Glickman v Horowitz,* 66 AD2d 814.) Mollen, P. J., Weinstein, Brown and Rubin, JJ., concur.

■ TERRANCE O'RIORDAN et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v SUFFOLK CHAPTER, LOCAL No. 852, CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Respondents. — In an action, *inter alia,* to reform a collective bargaining agreement, plaintiffs appeal from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated January 12, 1983, which granted defendants' respective motions to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7), on the ground that it failed to state a cause of action. Order affirmed, without costs or disbursements. In order to state a cognizable claim for breach of the statutory duty of fair representation, the union's conduct toward a member or members of a collective bargaining unit must be arbitrary, discriminatory or taken in bad faith (*Vaca v Sipes,* 386 US 171; *Albino v City of New York,* 80 AD2d 261). The complaint herein fails to set forth factual allegations demonstrating the union's bad faith in negotiating the 1977 collective bargaining agreement. While the terms of that agreement may not be most advantageous to plaintiffs, that fact alone is insufficient. Plaintiffs' vague and conclusory allegations are too speculative to save their complaint from dismissal. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.