■ BIBI SHARIFF, Appellant, v JOHN P. MURRAY, JR., Defendant, and NY PRIDE HOLDINGS, INC., Respondent. [823 NYS2d 96]—

In an action, inter alia, to impose a constructive trust on certain real property, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated September 2, 2005, as granted the motion of the defendant NY Pride Holdings, Inc., to vacate a preliminary injunction against it and, in effect, to dismiss the amended verified complaint insofar as asserted against it, and (2) from a judgment of the same court dated September 21, 2005, which, upon the order, in effect, dismissed the amended verified complaint insofar as asserted against NY Pride Holdings, Inc.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant NY Pride Holdings, Inc.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On January 8, 1998 the appellant commenced this action against the defendant John P. Murray, Jr., her former boyfriend, inter alia, to impose a constructive trust on certain real property (hereinafter the subject property). The plaintiff alleged that Murray had reneged on a promise to make her one-half owner of the subject property if she shared the costs of purchasing, renovating, and maintaining the subject property. The plaintiff filed a notice of pendency on January 8, 1998. On January 9, 1998 the respondent NY Pride Holdings, Inc. (hereinafter NY Pride), purchased the subject property. In October 1998 the plaintiff moved, inter alia, for leave to add NY Pride as a defendant and for a preliminary injunction enjoining both NY Pride and Murray from selling, transferring, etc., the subject property during the pendency of the action. The plaintiff alleged that the purchase by NY Pride of the subject property was the product of fraud and collusion with Murray. By order dated August 19, 1999, the Supreme Court granted such relief without opposition. In May 2005, approximately $5^{1}/_{2}$ years later, NY Pride moved, inter alia, to vacate the preliminary injunction and, in effect, to dismiss the complaint insofar as asserted against it. NY Pride averred that it had never been served with the supplemental summons and amended complaint as directed by the order dated August 19, 1999, and that, in fact, the plaintiff had apparently taken no action on the matter since entry of that order. In any event, NY Pride argued, because it had purchased the subject property more than six years earlier in a bona fide arm's-length transaction, any cause of action as against it would be both time-barred and lacking in merit. During the pendency of the motion, the plaintiff purportedly served NY Pride with an amended summons and amended verified complaint seeking to impose a constructive trust on the property as against NY Pride on the ground that it "conspired" with Murray to deprive her of her rights to the property, and alleging that NY Pride violated the Debtor and Creditor Law.

The Supreme Court properly dismissed the amended verified complaint insofar as asserted against NY Pride as time-barred (*see Perez v Paramount Communications,* 92 NY2d 749 [1999]; *Mazzone v Mazzone,* 269 AD2d 574 [2000]; *Liberty Co. v Boyle,* 272 AD2d 380 [2000]; CPLR 213). Contrary to the plaintiff's assertions, NY Pride did not "appear" in this action within the

relevant periods of limitation (CPLR 320; *see NYCTL 1998-1 Trust v Prol Props. Corp.*, 18 AD3d 525 [2005]; *USF&G v Maggiore*, 299 AD2d 341 [2002]). Further, the Supreme Court properly dismissed the amended verified complaint insofar as asserted against NY Pride for failure to state a cause of action. Despite the passage of more than eight years since the sale of the subject property to NY Pride and the commencement of this action, the plaintiff did not allege any independent conduct by NY Pride as against her, or allege even one fact that would give rise to an inference that NY Pride engaged in fraud or collusion. Although the narrow question presented on review of a motion to dismiss is not whether a plaintiff should ultimately prevail in the action, but whether the complaint states cognizable causes of action, vague and conclusory allegations will not suffice (*see Washington Ave. Assoc. v Euclid Equip.*, 229 AD2d 486 [1996]).

Similarly, vacatur of the preliminary injunction as against NY Pride was appropriate (*see Briddon v Briddon*, 229 NY 452 [1920]; *Rigas v Livingston*, 178 NY 20 [1904]; *Ricatto v Ricatto*, 4 AD3d 514 [2004]). Florio, J.P., Ritter, Goldstein and Lifson, JJ., concur.