| **Gaviola v Lamarre** |
|:---:|
| 2024 NY Slip Op 30803(U) |
| March 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158138/2023 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:      **HON. HASA A. KINGO**              PART          05M
                        *Justice*

--------------------------------------------------------------------------------X

GIRLIE GAVIOLA, GIRLIE GAVIOLA

                       Plaintiff,

                  - v -

MICHAEL LAMARRE, PAUL KASHMAN,

                    Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158138/2023 |
| MOTION DATE | 12/22/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10 were read on this motion to/for             DISMISSAL         .

Defendants MICHAEL LAMARRE ("Lamarre") and PAUL KASHMAN ("Kashman)(collectively "defendants") move, unopposed, for an order: (1) Pursuant to CPLR §3211(a)(8), CPLR §306-b, and CPLR §214(5), dismissing plaintiff's complaint as asserted against defendants; (2) Pursuant to CPLR §3211(a)(5) dismissing plaintiff's causes of action sounding in intentional tort against defendants as such causes of action are time-barred; and (3) Pursuant to CPLR §3211(a)(7) dismissing plaintiff's complaint as asserted against defendants in its entirety, as plaintiff's Complaint fails to assert any viable cause of action as against defendants.

CPLR §3211(a)(8) states that a party may move for dismissal on the ground that "the court has no jurisdiction of the person of the defendant." On a motion brought under CPLR §3211(a)(8), the plaintiff bears the "burden of presenting sufficient evidence, through affidavits and relevant documents, to demonstrate jurisdiction" (*Coast to Coast Energy, Inc. v. Gasarch*, 149 AD3d 485, 486 [1st Dept 2017]). Pursuant to CPLR §306-b, where 120 days has elapsed since the filing of the original summons and complaint without effective service of process, and where the running of a three-year statute of limitations of CPLR §214(5) has not been tolled and has lapsed, dismissal may be warranted.

Although CPLR §306-b calls for process to be served "within one hundred twenty days after the commencement of the action or proceeding," the "120-day service provision of CPLR §306-b can be extended by a court, upon motion, 'upon good cause shown or in the interest of justice' (*see* CPLR §306-b)" (*Bumpus v. New York City Transit Authority*, 66 AD3d 26, 31 [2d Dept 2009]). The court may also extend the 120-day service provision *sua sponte* upon such a showing (*see Gurevitch v. Goodman*, 269 AD2d 355, 356 [2d Dept 2000]; *see also* Practice Commentary, McKinney's Cons Law of NY, 2018 Electronic Update, CPLR §306-b).

**158138/2023   GAVIOLA, GIRLIE ET AL vs. LAMARRE, MICHAEL ET AL**                    **Page 1 of 4**
  **Motion No.  001**

1 of 4

Nonetheless, "Good cause" and "interest of justice" are two separate and independent statutory standards (*see Leader v. Maroney, Ponzini & Spencer*, 97 NY2d 95, 104 [2001]). To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service. Good cause will not exist where a plaintiff fails to make any effort at service, or fails to make at least a reasonably diligent effort at service.

If good cause for an extension is not established, courts must consider the 'interest of justice' standard of CPLR 306-b. The interest of justice standard does not require reasonably diligent efforts at service, but courts, in making their determinations, may consider the presence or absence of diligence, along with other factors (*see Leader v. Maroney, Ponzini & Spencer*, 97 NY2d at 105, *supra*). The interest of justice standard is broader than the good cause standard (*see Mead v. Singleman*, 24 AD3d 1142, 1144 [3d Dept 2005]), as its factors also include the expiration of the statute of limitations, the meritorious nature of the action, the length of delay in service, the promptness of a request by the plaintiff for an extension, and prejudice to the defendant (*Bumpus v. New York City Transit Authority*, 66 AD3d at 31-32, *supra*).

Here, as sufficiently attested to by defendants, plaintiff has not effectuated service of the summons and complaint in this matter on either Lamarre, or Kashman. Indeed, plaintiff has not even attempted to effectuate service. Plaintiff has not filed any affidavits of service on this matter's NYSCEF docket within the timeframe required by the CPLR as to defendants. Moreover, as attested to by defendants, plaintiff has not served either Lamarre, or Kashman, personally or by mail, with the summons and complaint in this matter. Consequently, plaintiff's Complaint must be dismissed as plaintiff has failed to comply with CPLR §306-b.

Next, "[o]n a motion to dismiss a cause of action pursuant to CPLR §3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, *prima facie*, that the time in which to sue has expired" (*Benn v Benn*, 82 AD3d 548, 548 [1st Dept 2011][*quoting Island ADC, Inc. v Baldassano Architectural Group, P.C*., 49 AD3d 815, 816 [2d Dept 2008]); *see also Gravel v Cicola*, 297 AD2d 620 [2d Dept 2002]). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled or was otherwise inapplicable, or whether the action was actually commenced within the period propounded by the defendant" (*QK Healthcare, Inc. v InSource, Inc.*, 108 AD3d 56, 65 [2d Dept 2013]; *see MTGLQ Investor, LP v Wozencraft*, 172 AD3d 644 [1st Dept 2019]; *Epiphany Community Nursery School v Levey*, 171 AD3d 1 [1st Dept 2019]; *J.A. Lee Elec., Inc. v City of New York*, 119 AD3d 652 [2d Dept 2014]). A plaintiff's submissions in response to the motion "must be given their most favorable intendment" (*Benn*, 82 AD3d at 548, *supra quoting Arrington v New York Times Co*., 55 NY2d 433, 442 [1982]).

Here, defendants have sufficiently shown that plaintiff's causes of action sounding in intentional tort must be dismissed as time-barred by the statute of limitations. To be sure, the alleged incident giving rise to the instant matter occurred on August 27, 2020. The time-period within which to timely commence a cause of action sounding in intentional tort is one year, and thus, the time to commence causes of action for Defamation; Injurious Falsehood; Abuse of Process; and Prima Facie Tort expired on August 27, 2021. Thus, these causes of action must be dismissed. As plaintiff has proffered no opposition to dismissal, and has failed to assert application

**158138/2023   GAVIOLA, GIRLIE ET AL vs. LAMARRE, MICHAEL ET AL**                    **Page 2 of 4**
**Motion No.  001**

2 of 4

of any tolling provisions to rebut defendants' assertions, the aforementioned causes of action are dismissed.

Finally, on a motion to dismiss for failure to state a cause of action under CPLR §3211 (a)(7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the plaintiff the benefit of every possible favorable inference. (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v Lightstone Group*, LLC, 25 NY3d 759, 764 [2015].) Ordinarily, the court's inquiry is limited to assessing the legal sufficiency of the plaintiff's pleadings; accordingly, the court's only function is to determine whether the facts as alleged fit within a cognizable legal theory (*JF Capital Advisors*, 25 NY3d at 764, *supra*). However, where the complaint consists of bare legal conclusions with no factual specificity (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]) or where the statements in a pleading are not sufficiently particular to give the court and parties notice of the transactions and/or occurrences intended to be proven (CPLR §3013; *Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC*, 31 NY3d 1090, 1091 [2018]), the motion to dismiss should be granted. Indeed, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*Garber v Board of Trustees of State Univ. of NY*, 38 AD3d 833, 834 [2d Dept 2007], *quoting Maas v Cornell* Univ., 94 NY2d 87, 91 [1999]). CPLR §2013, states that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." Thus, conclusory allegations will not suffice (*see DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 239 [2d Dept 1984]; *Fowler v American Lawyer Media*, 306 AD2d 113, 113 [1st Dept 2003]; *Sheriff v Murray*, 33 AD3d 688 [2d Dept 2006]). When the allegations in a complaint are vague or conclusory, dismissal for failure to state a cause of action is warranted (*see Schuckman Realty v Marine Midland Bank, N.A.*, 244 AD2d 400, 401 [2d Dept 1997]; *O'Riordan v Suffolk Ch., Local No. 852, Civ. Serv. Empls. Assn.*, 95 AD2d 800, 800 [2d Dept 1983]).

Here, even granting plaintiff all favorable inferences, there is no factual basis upon which plaintiff may allege negligent misrepresentation; "words negligently spoken"; failure to warn and protect; injury on premises; "landlord's servant causing injury"; negligent infliction of emotional distress; aiding and abetting tortious conduct; trespass to chattels; conversion; and survivorship. Likewise, plaintiff's cause of action for loss of consortium must be dismissed (*see De Angelis v. Lutheran Medical Center*, 84 A.D.2d 17, 20-21 [2d Dept 1981][wherein Appellate Division, Second Department, affirmed dismissal of cause of action on behalf of a child for the loss of parental consortium by reasoning that while the real and significant harm suffered by children of parents who are physically injured cannot be denied, not every loss can be made compensable, and the courts must draw the line where liability terminates]).

Accordingly, it is hereby

ORDERED that the instant motion is granted, unopposed, and plaintiff's complaint is dismissed in its entirety as asserted against defendants Kashman and Lamarre; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment dismissing this matter as against defendants Kashman and Lamarre in accordance with this court's decision and order.

[* 4]

This constitutes the decision and order of the court.

20240313170507HKINGO27957A9544F4455B6EE7C59048B373B

_____
**3/13/2024**
**DATE**

_____
**HASA A. KINGO, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**158138/2023   GAVIOLA, GIRLIE ET AL vs. LAMARRE, MICHAEL ET AL**
**Motion No.  001**

**Page 4 of 4**

4 of 4