**Gaviola v Lamarre**

2024 NY Slip Op 30801(U)

March 13, 2024

Supreme Court, New York County

Docket Number: Index No. 152055/2023

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. HASA A. KINGO**     PART     05M
*Justice*

-------------------------------------------------------------------------------X

GIRLIE GAVIOLA, GIRLIE GAVIOLA

Plaintiff,

- v -

MICHAEL LAMARRE, PAUL KASHMAN,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152055/2023 |
| MOTION DATE | 12/22/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14

were read on this motion for                    DISMISSAL                    .

Defendants MICHAEL LAMARRE ("Lamarre") and PAUL KASHMAN ("Kashman)(collectively "defendants") move, unopposed, for an order: (1) Pursuant to CPLR §3211(a)(8), CPLR §306-b, and CPLR §214(5), dismissing plaintiff's complaint as asserted against Kashman; (2) Pursuant to CPLR §3211(a)(5) dismissing plaintiff's causes of action sounding in intentional tort against defendants as such causes of action are time-barred; and (3) Pursuant to CPLR §3211(a)(7) dismissing plaintiff's complaint as asserted against defendants in its entirety, as plaintiff's Complaint fails to assert any viable cause of action as against defendants.

CPLR §3211(a)(8) states that a party may move for dismissal on the ground that "the court has no jurisdiction of the person of the defendant." On a motion brought under CPLR §3211(a)(8), the plaintiff bears the "burden of presenting sufficient evidence, through affidavits and relevant documents, to demonstrate jurisdiction" (*Coast to Coast Energy, Inc. v. Gasarch*, 149 AD3d 485, 486 [1st Dept 2017]). Pursuant to CPLR §306-b, where 120 days has elapsed since the filing of the original summons and complaint without effective service of process, and where the running of a three-year statute of limitations of CPLR §214(5) has not been tolled and has lapsed, dismissal may be warranted.

Although CPLR §306-b calls for process to be served "within one hundred twenty days after the commencement of the action or proceeding," the "120-day service provision of CPLR §306-b can be extended by a court, upon motion, 'upon good cause shown or in the interest of justice' (*see* CPLR §306-b)" (*Bumpus v. New York City Transit Authority*, 66 AD3d 26, 31 [2d Dept 2009]). The court may also extend the 120-day service provision *sua sponte* upon such a showing (*see Gurevitch v. Goodman*, 269 AD2d 355, 356 [2d Dept 2000]; *see also* Practice Commentary, McKinney's Cons Law of NY, 2018 Electronic Update, CPLR §306-b). Nonetheless, "Good cause" and "interest of justice" are two separate and independent statutory standards (*see Leader v. Maroney, Ponzini & Spencer*, 97 NY2d 95, 104 [2001]). To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service. Good cause

**152055/2023   GAVIOLA, GIRLIE ET AL vs. LAMARRE, MICHAEL ET AL**                    **Page 1 of 4**
   **Motion No.  001**

1 of 4

[* 1]

will not exist where a plaintiff fails to make any effort at service, or fails to make at least a reasonably diligent effort at service.

If good cause for an extension is not established, courts must consider the 'interest of justice' standard of CPLR 306-b. The interest of justice standard does not require reasonably diligent efforts at service, but courts, in making their determinations, may consider the presence or absence of diligence, along with other factors (*see Leader v. Maroney, Ponzini & Spencer*, 97 NY2d at 105, *supra*). The interest of justice standard is broader than the good cause standard (*see Mead v. Singleman*, 24 AD3d 1142, 1144 [3d Dept 2005]), as its factors also include the expiration of the statute of limitations, the meritorious nature of the action, the length of delay in service, the promptness of a request by the plaintiff for an extension, and prejudice to the defendant (*Bumpus v. New York City Transit Authority*, 66 AD3d at 31-32, *supra*).

Here, the affidavit of service asserts that Kashman was served in two separate manners; however, neither alleged manner was proper. On July 10th, 2023, the affidavit of service states that the summons and complaint were left with Kashman's "co-worker," a Shannon (Doe), as indicated in Exhibit D of defendants' moving papers. This individual was working at the Freehand Hotel when she was provided with the summons and complaint. The affidavit of service claims that this individual "verified that the intended recipient is employed at the location," as detailed in Exhibit D. However, Kashman attests that he had ceased working at the Freehand Hotel in July of 2023 and had not been employed there for over a year prior to this purported service, as indicated in Exhibit E. Kashman asserts that he did not know of a Shannon who would have been his co-worker, as stated in Exhibit E.

Similarly, as Kashman was no longer employed at the Freehand Hotel, it cannot be maintained that "Shannon (Doe)" was his co-worker at the time, or that he was employed at the Freehand Hotel on July 10th, 2023, regardless of the false "verification" by "Shannon (Doe)."

Furthermore, the affidavit of service states that the summons and complaint were mailed to Kashman's place of business, identified as "FREEHAND HOTEL 23 LEXINGTON AVENUE NEW YORK NY 10001," as shown in Exhibit D. However, Kashman was not employed by Freehand Hotel LLC or working at the Freehand Hotel at any point in 2023. He had terminated his employment with Freehand Hotel Company in June of 2022.

Given that Kashman was neither working at the Freehand Hotel nor employed by Freehand Hotel Company LLC at the time of the alleged service of process, it necessarily follows that Kashman was not served in person or by mail with the summons and complaint in this matter. Therefore, as plaintiff failed to effectuate service on Kashman, plaintiff's complaint as asserted against Kashman must be dismissed in its entirety pursuant to CPLR §3211(a)(8) and CPLR §306-b.It is notable that by failing to oppose the motion, plaintiff has proffered neither good cause not a basis in the interest of justice for this court to deny the instant application for dismissal.

Next, "[o]n a motion to dismiss a cause of action pursuant to CPLR §3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, *prima facie*, that the time in which to sue has expired" (*Benn v Benn*, 82 AD3d 548, 548 [1st Dept 2011][*quoting Island ADC, Inc. v Baldassano Architectural Group, P.C.*, 49 AD3d

**152055/2023   GAVIOLA, GIRLIE ET AL vs. LAMARRE, MICHAEL ET AL**
**Motion No.  001**

Page 2 of 4

2 of 4

815, 816 [2d Dept 2008]); *see also Gravel v Cicola*, 297 AD2d 620 [2d Dept 2002]). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled or was otherwise inapplicable, or whether the action was actually commenced within the period propounded by the defendant" (*QK Healthcare, Inc. v InSource, Inc.*, 108 AD3d 56, 65 [2d Dept 2013]; *see MTGLQ Investor, LP v Wozencraft*, 172 AD3d 644 [1st Dept 2019]; *Epiphany Community Nursery School v Levey*, 171 AD3d 1 [1st Dept 2019]; *J.A. Lee Elec., Inc. v City of New York*, 119 AD3d 652 [2d Dept 2014]). A plaintiff's submissions in response to the motion "must be given their most favorable intendment" (*Benn*, 82 AD3d at 548, *supra quoting Arrington v New York Times Co.*, 55 NY2d 433, 442 [1982]).

Here, defendants have sufficiently shown that plaintiff's causes of action sounding in intentional tort must be dismissed as time-barred by the statute of limitations. To be sure, the alleged incident giving rise to the instant matter occurred on August 27, 2020. The time-period within which to timely commence a cause of action sounding in intentional tort is one year, and thus, the time to commence causes of action for Defamation; Injurious Falsehood; Abuse of Process; Prima Facie Tort; and Intentional Infliction of Emotional Distress expired on August 27, 2021. Thus, these causes of action must be dismissed. As plaintiff has proffered no opposition to dismissal, and has failed to assert application of any tolling provisions to rebut defendants' assertions, the aforementioned causes of action are dismissed.

Finally, on a motion to dismiss for failure to state a cause of action under CPLR §3211 (a)(7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the plaintiff the benefit of every possible favorable inference. (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v Lightstone Group*, LLC, 25 NY3d 759, 764 [2015].) Ordinarily, the court's inquiry is limited to assessing the legal sufficiency of the plaintiff's pleadings; accordingly, the court's only function is to determine whether the facts as alleged fit within a cognizable legal theory (*JF Capital Advisors*, 25 NY3d at 764, *supra*). However, where the complaint consists of bare legal conclusions with no factual specificity (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]) or where the statements in a pleading are not sufficiently particular to give the court and parties notice of the transactions and/or occurrences intended to be proven (CPLR §3013; *Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC*, 31 NY3d 1090, 1091 [2018]), the motion to dismiss should be granted. Indeed, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*Garber v Board of Trustees of State Univ. of NY*, 38 AD3d 833, 834 [2d Dept 2007], *quoting Maas v Cornell* Univ., 94 NY2d 87, 91 [1999]). CPLR §2013, states that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." Thus, conclusory allegations will not suffice (*see DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 239 [2d Dept 1984]; *Fowler v American Lawyer Media*, 306 AD2d 113, 113 [1st Dept 2003]; *Sheriff v Murray*, 33 AD3d 688 [2d Dept 2006]). When the allegations in a complaint are vague or conclusory, dismissal for failure to state a cause of action is warranted (*see Schuckman Realty v Marine Midland Bank, N.A.*, 244 AD2d 400, 401 [2d Dept 1997]; *O'Riordan v Suffolk Ch., Local No. 852, Civ. Serv. Empls. Assn.*, 95 AD2d 800, 800 [2d Dept 1983]).

**152055/2023   GAVIOLA, GIRLIE ET AL vs. LAMARRE, MICHAEL ET AL**          **Page 3 of 4**
**Motion No.  001**

3 of 4

[* 3]

Here, plaintiff's remaining causes of action are without merit, as they either do not exist (i.e., words negligently spoken), are not viable causes of action (i.e., loss of consortium for an adult child's loss of a parent's consortium), or plaintiff has provided no factual basis upon which this court may infer that plaintiff has appropriately alleged the same.

Accordingly, it is hereby

ORDERED that the instant motion is granted, unopposed, and plaintiff's complaint is dismissed in its entirety as asserted against defendants Kashman and Lamarre; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment dismissing this matter as against defendants Kashman and Lamarre in accordance with this court's decision and order.

This constitutes the decision and order of the court.

20240313164906HKINGO65337D56E20D4D589A5AF5B9C91A75F

| **3/13/2024** | | | | **HASA A. KINGO, J.S.C.** | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]