| **Gaviola v City of New York** |
|:---:|
| 2024 NY Slip Op 33161(U) |
| September 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159758/2021 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. HASA A. KINGO**                          PART                      05M

*Justice*

-------------------------------------------------------------------------------X

GIRLIE GAVIOLA, GIRLIE GAVIOLA EX REL. ESTATE OF            INDEX NO.          159758/2021
TINA GAVIOLA,
                                                           MOTION DATE        06/18/2024
                                    Plaintiff,
                                                           MOTION SEQ. NO.        006
                      - v -

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, P.O. SERGEANT KAITLIN MOONEY, P.O.
JOSEPH ORLANDO, SYDELL GROUP LLC,THE                       **DECISION + ORDER ON**
FREEHAND HOTEL COMPANY LLC,FREEHAND HOSTEL                        **MOTION**
MANAGER LLC,GEORGE SUPER TOPCO LLC,MICHAEL
LAMARRE, PAUL KASHMAN, MILDRED ANTOINE,
JOHN/JANE DOES 1-10

                                    Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 101, 102, 103, 104,
105, 106, 107, 108, 109, 110, 111, 114, 118, 120

were read on this motion to/for                                    DISMISS                          .

        In this matter, Defendants Freehand Hotel Company LLC ("FH") and George Super Topco
LLC ("GS")(collectively "Defendants") move to dismiss the complaint pursuant to CPLR §
3211(a)(7) on the grounds that it fails to state any viable causes of action and is governed by the
doctrine of the law of the case.[1] Having reviewed the arguments presented and the applicable law,
this court grants the motion in part, denies it in part, and issues the following decision and order.

## BACKGROUND AND ARGUMENTS

        Plaintiff Girlie Gaviola, along with her mother, was a guest at the Freehand Hotel in August
2020. During their stay, Plaintiff was allegedly attacked by another hotel guest, Mildred Antoine.
Following this incident, the New York City Police Department ("NYPD") was called, and upon
their arrival, Plaintiff was arrested. Her mother was transported to Bellevue Hospital. Upon
Plaintiff's release and return to the hotel, she was informed that her and her mother's belongings
had been placed in garbage bags and left on the curb. Plaintiff initiated this action alleging various
torts against the hotel and its management.

---

[1] To that end, Defendants argue that dismissal is warranted here on account of this court's previous dismissal of all
causes of action against FH employees Michael Lamarre and Paul Kashman.

**159758/2021   GAVIOLA, GIRLIE ET AL vs. THE CITY OF NEW YORK ET AL**                    **Page 1 of 5**
  **Motion No.  006**

[* 1]

Defendants seek dismissal of the complaint, arguing that several causes of action are either time-barred, do not exist as a matter of law, or fail to state a claim upon which relief can be granted. These include claims for defamation, injurious falsehood, negligent misrepresentation, words negligently spoken, failure to warn and protect, injury on premises, landlord's servant causing injury, abuse of process, prima facie tort, intentional infliction of emotional distress, negligent infliction of emotional distress, aiding and abetting tortious conduct, trespass to chattels, conversion, loss of consortium, and survivorship.

Plaintiff opposes the motion by arguing that the crux of Defendants' motion relies on the fact that this action was dismissed as against employees Michael Lamarre and Paul Kashman, and their dismissal does not vitiate Plaintiff's claims against their employer. Additionally, Plaintiff claims, among other things, that she has alleged facts sufficient to state her various causes of action and that words negligently spoken and landlord's servant causing injury are causes of action.

## DISCUSSION

On a motion to dismiss for failure to state a cause of action under CPLR §3211 (a)(7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the plaintiff the benefit of every possible favorable inference. (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v Lightstone Group*, LLC, 25 NY3d 759, 764 [2015].) Ordinarily, the court's inquiry is limited to assessing the legal sufficiency of the plaintiff's pleadings; accordingly, the court's only function is to determine whether the facts as alleged fit within a cognizable legal theory (*JF Capital Advisors*, 25 NY3d at 764, *supra*). However, where the complaint consists of bare legal conclusions with no factual specificity (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]) or where the statements in a pleading are not sufficiently particular to give the court and parties notice of the transactions and/or occurrences intended to be proven (CPLR §3013; *Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC*, 31 NY3d 1090, 1091 [2018]), the motion to dismiss should be granted. Indeed, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*Garber v Board of Trustees of State Univ. of NY*, 38 AD3d 833, 834 [2d Dept 2007], *quoting Maas v Cornell* Univ., 94 NY2d 87, 91 [1999]). CPLR §2013, states that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." Thus, conclusory allegations will not suffice (*see DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 239 [2d Dept 1984]; *Fowler v American Lawyer Media*, 306 AD2d 113, 113 [1st Dept 2003]; *Sheriff v Murray*, 33 AD3d 688 [2d Dept 2006]). When the allegations in a complaint are vague or conclusory, dismissal for failure to state a cause of action is warranted (*see Schuckman Realty v Marine Midland Bank, N.A.*, 244 AD2d 400, 401 [2d Dept 1997]; *O'Riordan v Suffolk Ch., Local No. 852, Civ. Serv. Empls. Assn.*, 95 AD2d 800, 800 [2d Dept 1983]).

## I. Time-Barred Claims

As a preliminary matter, this court concurs with Defendants that several of Plaintiff's claims are time-barred. Causes of action for defamation, injurious falsehood, abuse of process, prima facie tort, and intentional infliction of emotional distress are all subject to a one-year statute

of limitations. Plaintiff's filing of the complaint on March 8, 2022, exceeds this statutory period, rendering these claims untimely. Therefore, these claims are hereby dismissed.

## II. Claims that Do Not Exist as a Matter of Law

Defendants argue that certain claims asserted by Plaintiff are not legally cognizable. Specifically, the causes of action for "words negligently spoken" and "landlord's servant causing injury" are not recognized under New York law. This court agrees with Defendants. As established in *Delcor Laboratories, Inc. v. Cosmair, Inc.*, 169 AD2d 639 (1st Dept 1991), "words negligently spoken" is not a valid cause of action. Similarly, the claim of "landlord's servant causing injury" is not a recognized tort in New York. Consequently, these claims are also dismissed.

## III. Failure to State a Claim

### A. Negligent Misrepresentation:

Plaintiff has failed to allege the necessary elements of a negligent misrepresentation claim. As stated in *Colasacco v. Robert E. Lawrence Real Estate*, 68 AD3d 706 (2d Dept 2009), a plaintiff must show that the defendant had a duty to use reasonable care in imparting information due to a special relationship, that the information was false, and that the plaintiff relied on it to their detriment. The complaint does not sufficiently allege these elements, particularly the existence of a special relationship or reliance on any misrepresentation by Defendants.

### B. Aiding and Abetting Tortious Conduct:

To establish a claim for aiding and abetting tortious conduct, the Plaintiff must demonstrate that the Defendants had knowledge of the underlying tortious conduct and provided substantial assistance in its commission (*Land v. Forgione*, 177 AD3d 862 [2d Dept 2019]). The complaint fails to meet this standard, as it does not allege facts showing that FH/GS were aware of or assisted in any tortious acts by their employees or other Defendants. This claim is therefore dismissed.

### C. Loss of Consortium and Survivorship:

Plaintiff's claims for loss of consortium and survivorship are not viable. Loss of consortium is only available to spouses (*De Angelis v. Lutheran Medical Center*, 84 AD2d 17 [2d Dept 1981]), and survivorship requires an actionable claim by the deceased prior to death, which is not applicable here. These claims are also dismissed.

### D. Negligent Infliction of Emotional Distress:

Likewise, Plaintiff's allegations of "negligent infliction of emotional distress" are null and void. This cause of action requires a breach of a duty owed to a plaintiff, which either unreasonably endangered the plaintiff's physical safety, or caused the plaintiff to fear for her safety (*Jason v. Krey*, 60 AD3d 735 (2d Dept 2009). Here, the complaint merely states that Defendants had a duty to "refrain from battery" and "to interview witnesses and review security footage," both of which are allegations that fall within the ambit of Plaintiff's claims against the City of New York and

**159758/2021   GAVIOLA, GIRLIE ET AL vs. THE CITY OF NEW YORK ET AL**                                    **Page 3 of 5**
  **Motion No.  006**

[* 3]

3 of 5

Mildred Antoine. As Plaintiff does not specifically plead any facts that would apply to Defendants, Plaintiff has failed to state a viable cause of action against Defendants for negligent infliction of emotional distress.

## IV. Claims that Survive Dismissal

### A. Failure to Warn and Protect/Injury on Premises:

Plaintiff alleges that she informed Defendants about Mildred Antoine's violent tendencies before the incident, which implicates Defendants' duty to warn and protect guests from foreseeable harm. Under New York law, hotels have a duty to take reasonable precautions to protect guests from foreseeable harm, including criminal acts by third parties (*Burgos v. Aqueduct Realty Corp.*, 92 NY2d 544 [1998]). Given the allegations, these claims for failure to warn and protect and injury on premises survive the motion to dismiss. Similarly, despite Defendants' assertions, the complaint does not indicate that Defendants' potential liability under the proposed theories is based solely on the actions of Kashman and Lamarre, excluding those of other employees. As such, dismissal of these causes of action is denied.

### B. Trespass to Chattels and Conversion

Plaintiff alleges that Defendants "intentionally and improperly interfered with Plaintiffs' possession of their personal effects in their Hotel room by disposing such personal effects in the Hotel garbage." It is likewise alleged that "Defendants exercised unauthorized dominion over Plaintiffs' personal effects to the exclusion of Plaintiffs' rights, whereas Plaintiff has an immediate superior right to possession of Plaintiffs' personal effects." The tort of trespass to chattel consists of intentionally dispossessing another of the chattel or using or intermeddling with a chattel in another's possession (Restatement (Second) of Torts § 217). Liability will attach if the possessor is dispossessed of the chattel; the chattel is impaired as to condition, quality, or value; or the possessor is deprived of the use of the chattel for a substantial time (*id*. at § 218). In addition, "[a] conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (*C & B Enters. USA, LLC v. Koegel*, 136 AD3d 957, 958, [internal quotation marks omitted]; *see Colavito v. New York Organ Donor Network, Inc*., 8 NY3d 43, 49–50). "Two key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's right" (*Colavito*, 8 NY3d at 50). Here, construing the complaint in a light most favorable, Plaintiff has sufficiently alleged both the torts of trespass to chattel and conversion based on Defendants' purported actions in removing the belongings and placing them in garbage bags on the curb. Defendants' argument that these tort claims should be dismissed based on the assertion that Kashman and Lamarre were justified in removing Plaintiff's belongings following the arrest and eviction is both misguided and unsupported within the record. At oral argument, Defendants' counsel claimed that the dismissal of the claims against Kashman and Lamarre implied the court's approval of their counsel's argument that they were justified in removing Plaintiff's belongings after the arrest. However, the court's prior decisions do not explicitly support this interpretation. Moreover, the complaint on its face does not state that Defendants' liability is solely premised on

[* 4]

the actions of Kashman and Lamarre rather than other employees. Therefore, dismissal is not warranted for the reasons provided.

## C. Vicarious Liability

Finally, Defendants argument that dismissal of claims against Lamarre and Kashman should result in dismissal against FH/GS is misplaced. Indeed, under New York law, an employer can still be held liable for the acts of its employees if those acts were within the scope of employment (*Judith M. v. Sisters of Charity Hosp.*, 93 NY2d 932 [1999]). Therefore, the dismissal of claims against individual employees does not necessarily absolve the employer of liability. The law of the case doctrine does not compel a different outcome. The doctrine of law of the case is a judicial policy that generally discourages courts from reconsidering matters that have already been decided *(People v. Evans*, 94 NY2d 499, 503 [2000] [internal quotation marks and citation omitted]; *see also Ahmed v. Carrington Mtge. Servs., LLC*, 189 AD3d 960, 962, 89 [2d Dept 2020]). Since the court's prior determination pertained to Lamarre and Kashman, not FH/GS, the law of the case doctrine is not directly applicable in this instance.

Based on the foregoing, the court grants the motion to dismiss in part. It is hereby

ORDERED that Defendants' motion is granted to the extent that Plaintiff's claims for defamation, injurious falsehood, negligent misrepresentation, words negligently spoken, landlord's servant causing injury, abuse of process, prima facie tort, intentional infliction of emotional distress, negligent infliction of emotional distress, aiding and abetting tortious conduct, trespass to chattels, conversion, loss of consortium, and survivorship are dismissed; and it is further

ORDERED that Defendants' motion is denied to the extent that Plaintiff's claims for failure to warn and protect, and injury on premises, trespass to chattels, and conversion survive the instant motion[2]; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the decision and order of the court.

2024091011304 7HKING016A...XBF...134170B...6AA89E255B3...

**9/10/2024**
**DATE**

**HASA A. KINGO, J.S.C.**

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☐ DENIED ☒ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

---

[2] The Fifth ("Failure to Warn & Protect"), Six ("Injury on Premises"), Fifteenth ("Trespass to Chattels"), and Sixteenth ("Conversion") Causes of Action, respectively.

**159758/2021   GAVIOLA, GIRLIE ET AL vs. THE CITY OF NEW YORK ET AL**
**Motion No.  006**

**Page 5 of 5**