| |
|---|
| **Fernsmith v City of New York** |
| 2024 NY Slip Op 33868(U) |
| October 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158467/2023 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. HASA A. KINGO                          PART                    05M

                                                    *Justice*

-------------------------------------------------------------------------X      INDEX NO.             158467/2023

ALEX FERNSMITH                                                             MOTION DATE          01/24/2024

                                    Plaintiff,                             MOTION SEQ. NO.            001

                        - v -

CITY OF NEW YORK,                                                          **DECISION + ORDER ON
                                                                                 MOTION**

                                    Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 20, 21, 22, 24

were read on this motion to/for _____DISMISS_____.

Plaintiff, Alex Fernsmith (hereinafter "Plaintiff"), a former detective with the New York City Police Department (hereinafter "NYPD"), brings claims of disability discrimination, hostile work environment, failure to accommodate, and failure to engage in cooperative dialogue under the New York City Human Rights Law (hereinafter "CHRL") against Defendant, The City of New York (hereinafter "City"). With the instant motion, the City moves to dismiss the complaint pursuant to CPLR §§ 3211(a)(2) and (7), contending that Plaintiff cannot perform the essential functions of a police detective and has failed to adequately allege discriminatory treatment. In response, Plaintiff argues that his claims are sufficiently pleaded. To the extent they are not, Plaintiff cross-moves for leave to amend the complaint, and contends that such leave should be freely granted.

For the reasons detailed below, the City's motion to dismiss is denied, and Plaintiff's cross-motion for leave to amend the complaint is granted.

## BACKGROUND

Plaintiff began his career with the NYPD on July 1, 2004, and was promoted to detective in June 2015 after excelling in his role (Compl. ¶¶ 8, 12). In 2016, he was named National Investigator of the Year (Compl. ¶ 14). Over the course of his employment, Plaintiff developed severe back issues, initially surfacing in 2013. Despite receiving multiple treatments, his condition worsened, necessitating a series of surgeries between 2020 and 2021 (Compl. ¶¶ 16, 27, 39).

During this period, Plaintiff was placed on restricted duty but continued to excel in his position, handling numerous cases in the Special Victims Unit ("SVU") and maintaining a high performance (Compl. ¶¶ 19, 43-45). Notably, Plaintiff alleges that he was responsible for several arrests and received recommendations for promotion to Detective 2nd Grade in 2018, 2019, 2020, and 2021 (Compl. ¶¶ 15, 45). However, after being placed on restricted duty due to his back

[* 1]

surgeries, Plaintiff was removed from the promotional list in December 2021, which he contends was due to discrimination based on his perceived disability (Compl. ¶¶ 57, 58).

Following his medical board review, Plaintiff was forced into ordinary disability retirement in June 2022, two years short of his 20-year service mark, depriving him of significant pension and overtime benefits (Compl. ¶¶ 80-83). Plaintiff alleges that during his tenure on restricted duty, he was treated less favorably than his non-disabled colleagues, denied promotions and overtime, and was subjected to a hostile work environment due to his disability (Compl. ¶¶ 73-75, 93-113).

Within the instant motion, the City argues that Plaintiff was not qualified for his position as he could not perform the essential functions of a police detective, specifically the patrol duties required for the role. Furthermore, the City asserts that Plaintiff's proposed accommodation — indefinite desk duty — would place an undue burden on the NYPD and is unreasonable as a matter of law.

## LEGAL STANDARD

On a motion to dismiss for failure to state a cause of action under CPLR § 3211(a)(7), courts must afford the pleadings a liberal construction, accepting the facts as alleged in the complaint as true and giving the plaintiff the benefit of every favorable inference (*Leon v. Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v. Lightstone Group, LLC*, 25 NY3d 759, 764 [2015]). The court's inquiry is typically limited to assessing the legal sufficiency of the plaintiff's allegations and determining whether the facts, as pleaded, fit within a cognizable legal theory (*JF Capital Advisors*, 25 NY3d at 764).

However, where a complaint consists of mere legal conclusions devoid of factual specificity, the court is not bound to accept those conclusions as true (*Godfrey v. Spano*, 13 NY3d 358, 373 [2009]). CPLR § 3013 requires that statements in pleadings must be sufficiently particular to give both the court and the opposing party notice of the transactions or occurrences intended to be proved. If the allegations lack particularity or fail to provide adequate notice of the material elements of a cause of action, dismissal is appropriate (*Mid-Hudson Val. Fed. Credit Union v. Quartararo & Lois, PLLC*, 31 NY3d 1090, 1091 [2018]). Similarly, conclusory allegations, as well as factual claims contradicted by documentary evidence, do not merit favorable inferences and are subject to dismissal (*Garber v. Board of Trustees of State Univ. of NY*, 38 AD3d 833, 834 [2d Dept 2007]; *Maas v. Cornell Univ.*, 94 NY2d 87, 91 [1999]).

To satisfy CPLR § 3013, pleadings must provide sufficient detail to give notice of the transactions or occurrences that form the basis of the claim and the material elements of each cause of action. Conclusory allegations lacking factual support are insufficient to survive a motion to dismiss (*DiMauro v. Metropolitan Suburban Bus Auth.*, 105 A.D.2d 236, 239 [2d Dept 1984]; Fowler v. American Lawyer Media, 306 A.D.2d 113, 113 [1st Dept 2003]). If a complaint's allegations are vague, speculative, or devoid of substantive factual content, dismissal for failure to state a cause of action is warranted (*Schuckman Realty v. Marine Midland Bank, N.A.*, 244 AD2d 400, 401 [2d Dept 1997]; *O'Riordan v. Suffolk Ch., Local No. 852, Civ. Serv. Empls. Assn.*, 95 AD2d 800, 800 [2d Dept 1983]).

158467/2023   FERNSMITH, ALEX vs. CITY OF NEW YORK                                    Page 2 of 7
Motion No.  001

2 of 7

A motion to dismiss under CPLR § 3211(a)(2) for lack of subject matter jurisdiction, on the other hand, must establish that the court lacks the legal authority to adjudicate the claim at issue. This requires a showing that the court either lacks the statutory or constitutional power to resolve the dispute, or that the matter falls outside the scope of the court's jurisdiction.

Finally, under CPLR § 3025(b), leave to amend a pleading should be freely granted in the absence of prejudice or surprise to the opposing party. Courts generally allow amendments when the proposed new allegations are neither palpably insufficient nor clearly devoid of merit (*Lucido v. Mancuso*, 49 AD3d 220, 222 [2d Dept 2008]). Even where a complaint faces a motion to dismiss under CPLR § 3211, the court has discretion to grant leave to amend the complaint to cure any deficiencies, provided the amendment would not cause undue delay or result in unfair prejudice to the defendant (*Edenwald Contr. Co. v. City of New York*, 60 NY2d 957, 959 [1983]).

In considering whether to grant leave to amend, courts assess whether the proposed amendments would remedy the deficiencies raised in the motion to dismiss and allow the case to proceed on the merits. This liberal approach to amendment reflects the principle that cases should generally be resolved on their substantive merits, rather than on technical pleading defects. Therefore, unless the proposed amendments are patently insufficient or legally futile, leave to amend should be granted.

## DISCUSSION

### I.    Denial of Motion to Dismiss

Here, the City argues that Plaintiff's disability discrimination claims fail because he was not qualified to perform the essential functions of his role as a police detective and because he fails to allege that he was treated differently from his non-disabled colleagues. These arguments, however, are insufficient to warrant dismissal at this stage.

### A. Plaintiff's Ability to Perform Essential Functions

The City argues that Plaintiff cannot perform essential patrol duties, rendering him unqualified for his role as a detective. However, Plaintiff has pleaded specific facts demonstrating that, despite his restricted duty status, he was able to perform the essential functions of his position in the SVU. Plaintiff alleges that he continued to handle investigations, contribute to arrests, and perform other critical tasks while on restricted duty (Compl. ¶¶ 43-46).

Plaintiff's assertion that his restricted duties were functionally equivalent to his full-duty responsibilities creates a factual dispute that cannot be resolved on a motion to dismiss. Furthermore, Plaintiff's allegations suggest that patrol duties were not the central function of his role as a detective in the SVU. In *Matter of Knudsen v. Kelly*, the court held that "essential job functions" must be assessed with reference to the actual tasks performed, not merely the employer's general description of the position (2008 N.Y. Slip Op. 30638[U], *8 [Sup. Ct.. NY County Feb. 21, 2008]). Here, Plaintiff's role involved investigative work rather than patrol, and the City's argument that he must be capable of patrol duties does not conclusively establish that such duties were essential in the context of his position.

**158467/2023   FERNSMITH, ALEX vs. CITY OF NEW YORK**                          **Page 3 of 7**
**Motion No.  001**

3 of 7

[* 3]

Under the CHRL, a reasonable accommodation may be required unless the employer can demonstrate that such accommodation would cause undue hardship (*Jacobsen v. NYC Health & Hosps. Corp.*, 22 NY3d 824, 835 [2014]). Plaintiff has adequately alleged that his request for restricted duty was a reasonable accommodation, and whether the City engaged in a cooperative dialogue or considered alternative accommodations is a factual issue that must be explored through discovery. Therefore, the question of whether Plaintiff was qualified to perform the essential functions of his job, with or without accommodations, cannot be resolved on a motion to dismiss. Accordingly, the City's motion to dismiss on this ground is denied because factual issues remain regarding Plaintiff's ability to perform the essential functions of his job, and Plaintiff has adequately pleaded facts demonstrating that, despite his restricted duty status, he was able to perform the essential functions of his position in the SVU.

### B. Disparate Treatment and Inference of Discrimination

To state a claim for disability discrimination under the CHRL, a plaintiff must allege that they were treated less favorably than other employees under circumstances that give rise to an inference of discrimination (*Harrington v. City of New York*, 157 AD3d 582, 584 [1st Dept 2018]). Plaintiff here asserts that he was treated less favorably than his non-disabled colleagues, providing specific comparators who received overtime and promotions while he was denied these benefits (Compl. ¶¶ 94-115). These allegations provide a sufficient basis to infer discriminatory intent.

The City's argument that Plaintiff's promotion recommendations in 2018 through 2021 undermine his discrimination claim is unpersuasive. While Plaintiff was recommended for promotion during those years, he was ultimately removed from the promotion list in 2021, allegedly due to his restricted duty status (Compl. ¶ 57). Whether the City had a non-discriminatory reason for this action is a factual issue that must be explored in discovery. As the court held in *Marcus v. City of New York* (2023 N.Y. Slip Op. 34314[U], *9 [Sup Ct, NY County Dec. 11, 2023]), even when prior favorable actions have been taken by an employer, a plaintiff may still establish a discrimination claim based on subsequent adverse actions if those actions were taken under discriminatory circumstances.

Therefore, Plaintiff has sufficiently alleged facts that, if proven, could support a claim of disability discrimination. As such, the City's motion to dismiss based on failure to allege disparate treatment is denied because Plaintiff has raised sufficient facts that infer discriminatory intent.

### C. Hostile Work Environment

Under the CHRL, a hostile work environment exists where a plaintiff is treated "less well" than others because of their protected characteristic, in this case, Plaintiff's disability (*Williams v. N.Y.C. Hous. Auth.*, 61 AD3d 62, 78 [1st Dept 2009]). Plaintiff alleges that he was subjected to repeated threats of termination due to his disability, denied overtime, and stripped of his firearm as punishment for requesting an accommodation (Compl. ¶¶ 33, 68, 73-75). These allegations, if proven, exceed the threshold of "petty slights and trivial inconveniences" and are sufficient to sustain a hostile work environment claim (*Bilitch v. New York City Health & Hosps. Corp.*, 194 AD3d 999, 1003 [2d Dept 2021]).

158467/2023   FERNSMITH, ALEX vs. CITY OF NEW YORK
Motion No. 001

Page 4 of 7

4 of 7

[* 4]

The City's contention that Plaintiff's allegations are insufficient to support a hostile work environment claim is unpersuasive at this stage. Plaintiff has described a pattern of behavior that, when viewed cumulatively, could reasonably be perceived as creating a hostile work environment. Whether these claims can be substantiated is a matter for further discovery, not dismissal. Thus, the City's motion to dismiss the hostile work environment claim is denied because the plaintiff's allegations present a plausible basis for such a claim under the CHRL.

### D. Failure to Accommodate and Engage in Cooperative Dialogue

The CHRL imposes a duty on employers to engage in a cooperative dialogue regarding reasonable accommodations for disabled employees (*Alleyne v. Schervier Nursing Care Ctr.*, 2017 U.S. Dist. LEXIS 161845, *15 [E.D.N.Y. 2017]). Plaintiff alleges that the NYPD failed to engage in such dialogue and summarily dismissed his requests to return to full duty or remain on restricted duty until his retirement (Compl. ¶¶ 51-54, 62). Since the law requires employers to engage in meaningful discussions to determine whether an employee's request for accommodation can be reasonably granted (*Jacobsen*, 22 NY3d at 835), Plaintiff's assertion that this process was either insufficient or entirely absent raises a colorable claim that must survive dismissal. Indeed, the adequacy of the City's response to Plaintiff's requests for accommodation and whether it fulfilled its statutory obligations under the CHRL are questions that cannot be resolved at the pleading stage absent further factual development. As such, the City's motion to dismiss the failure to accommodate claim is denied, as the adequacy of the City's engagement in a cooperative dialogue has been sufficiently pleaded by Plaintiff and remains a factual issue.

### E. Retaliation

Plaintiff underscores in his opposition and cross-motion to amend that he is not pleading a cause of action for retaliation. Accordingly, the City's application to dismiss Plaintiff's retaliation cause of action is rendered moot.

## II.  Granting of Plaintiff's Cross-Motion to Amend

Leave to amend a complaint should be freely granted unless the proposed amendment is devoid of merit or palpably insufficient (*Lucido v. Mancuso*, 49 AD3d 220, 227 [2d Dept 2008]). Here, Plaintiff's proposed amendments provide additional factual detail to support his claims, including further specifics regarding his restricted duties, his qualifications, and the City's failure to accommodate. As these amendments enhance the clarity and specificity of Plaintiff's claims, and are neither futile nor prejudicial to the City, the cross-motion to amend is granted.

## III.  Denial of Dismissal for Failure to Commence as an Article 78 Proceeding

It is well settled that a plaintiff alleging a discriminatory practice by a public employer may choose to proceed with such allegations either under an Article 78 proceeding or through a plenary action. In *Koener v. State of New York*, 62 NY2d 442 (1984), the Court of Appeals affirmed that a plaintiff has the right to choose whether to challenge an administrative decision via Article 78 or through a plenary action (*see also Mentor v. Dept. of Educ. of N.Y.*, 66 NYS3d 654 [Sup. Ct., New York Cnty 2017]). This court acknowledges that there are instances where an Article 78

158467/2023   FERNSMITH, ALEX vs. CITY OF NEW YORK                    Page 5 of 7
Motion No.  001

5 of 7

[* 5]

proceeding may be the exclusive avenue for relief (*see Goolsby v. City of New York*, 207 NYS3d 874 [Sup. Ct., New York Cnty 2024]). However, in the present case, Plaintiff's allegations are based on claims of discrimination that do not squarely align with the remedy of challenging an administrative determination through an Article 78 proceeding.

Article 78 proceedings are generally reserved for challenging the actions of administrative agencies or public bodies, particularly when seeking to review a final decision. In the present case, unlike the *Goolsby* COVID-19 case where the claims primarily revolved around a failure to accommodate related to a public health crisis, the current matter involves a more complex factual scenario encompassing multiple grounds for disability discrimination. Such claims involving substantial factual bases—beyond mere administrative failures—should not be confined to Article 78. The presence of additional factual allegations concerning discrimination and failure to engage in a cooperative dialogue signifies that this case is better suited for the present judicial forum. The argument regarding the difficulty in parsing whether the discrimination was perpetrated by the doctors, the medical board, or both further supports the contention that this case should proceed as pleaded rather than under Article 78. Where, as here, the actions of multiple parties are in question, the present plenary action allows for a comprehensive evaluation of the evidence pleaded as against all parties.

Likewise, the fact that this case encompasses more than just the failure to accommodate and termination adds to the argument against Article 78. Claims for disability discrimination often include a failure to engage in the required cooperative dialogue as mandated by the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law. Where, as here, various facets of discrimination exist, the case should be treated under a broader judicial framework rather than restricted to an administrative review process. Accordingly, the unique factual circumstances surrounding this case, coupled with the involvement of multiple potential actors and broader implications of disability discrimination claims, strongly indicate that this matter should not be confined to an Article 78 proceeding. Instead, allowing Plaintiff to proceed in the present judicial forum will ensure that all relevant facts are considered, and an appropriate assessment of all claims can be enforced.

Accordingly, the court denies the City's motion, pursuant to CPLR § 3211(a)(2), to dismiss Plaintiff's complaint on the grounds that Plaintiff should have commenced an Article 78 proceeding rather than a plenary action.

Based on the foregoing analysis, it is hereby

ORDERED that the City's motion to dismiss is denied, and Plaintiff's cross-motion to amend the complaint is granted; and it is further

ORDERED that Plaintiff is permitted to file and serve the proposed amended complaint annexed as Ex. A (NYSCEF Doc. No. 17) to his cross motion within 20 days of this order; and it is further

ORDERED that Plaintiff shall serve a copy of this order with notice of entry upon the City within 30 days of its filing on NYSCEF; and it is further

158467/2023   FERNSMITH, ALEX vs. CITY OF NEW YORK                    Page 6 of 7
Motion No.  001

6 of 7

ORDERED that the Clerk is directed to schedule this matter for a preliminary conference in the Differentiated Case Management Part on the earliest available date, upon Plaintiff filing a request for the same.

This constitutes the decision and order of the court.

20241029122026HKING0040530F38F611442786A69196112CF7F5E

| 10/29/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **HASA A. KINGO, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE |

158467/2023   FERNSMITH, ALEX vs. CITY OF NEW YORK
Motion No.  001

Page 7 of 7

7 of 7